# *Ex parte* Wallace.

*Petition for Mandamus to Circuit Court.*

60   267
98   353
60   267
101   296
60   267
103   536

1. *Rehearing after final judgment at law, on ground of surprise, &c.; what petition must show.*—On application for a rehearing, or new trial, after final judgment at law, on the ground of surprise, accident, mistake, or fraud (Code of 1876, §§ 3161-66), the petitioner must show, not only that he had a good cause of action or defense, but that he can substantiate it on another trial, and that his failure to substantiate it on the former trial was without fault or negligence on his part; and these rules are applied with more strictness, where, as in this case, the cause had been pending for five or six years.

APPLICATION by petition, by William Wallace, for a writ of *mandamus* to the Circuit Court of Madison, Hon. L. WYETH presiding, to compel that court to grant a rehearing, or new trial, in a certain cause therein lately pending, wherein one James Henry was plaintiff, and said petitioner was defendant. The material facts are stated in the opinion of the court.

HUMES & GORDON, for the petitioner.

L..B. COOPER, *contra.*

MANNING, J.—Petition was presented, under section 2814, and those following, of the Revised Code, to the proper circuit judge, Hon L. WYETH, for *supersedeas* of an execution, and a new trial, in a cause in which one Henry obtained a judgment against petitioner, Wallace, in the Circuit Court of Madison county; and the prayer of the petitioner having been denied, this motion for a *mandamus* is made.

The petitioner alleged that he was sick at home, and unable to attend court, when the trial in the suit against him came on; and that the counsel who defended him were taken by surprise, without fault on their part, by putting trust in a witness summoned to testify for petitioner, who, before the trial began, told them he would prove a certain contract to have been made, and which petitioner declares, under oath, was made, but of which the witness, on the stand, denies all knowledge. The contract alleged is, that a mule, seized by the witness as a deputy sheriff, by virtue of an attachment in the cause against petitioner, was sold by the latter to the plaintiff, in full satisfaction of the debt for which that

writ was issued; while the witness deposed to an agreement between the parties, by which, to save cost of keeping the mule, and advertising a sale, the animal was sold by him, the deputy sheriff, for $141, and that sum applied toward payment of the debt, in the year 1871.

The plaintiff, Henry, in his answer to the petition, and his attorney, by affidavit, also depose that this was the agreement which really was made; while one Jamar, and petitioner's attorney prove, by their affidavits, that the witness told the latter, a short time before the trial began, that the plaintiff and petitioner agreed that the former should take the mule in payment of the debt.

The proceedings by the petitioner for a rehearing, made to the circuit judge, under the sections of the law before mentioned, are understood to be a substitute for a bill in a court of equity for a new trial, when an unjust judgment is rendered against the petitioner, without any fault or neglect on his part. In such a proceeding, the law is strict in requiring, not only a clear statement of a meritorious defense, which can be substantiated, against the judgment, but also allegation of the facts and circumstances which are relied on to show that the party complaining acted with due diligence, and is chargeable with no fault or neglect in not having had the matter of his defense completely presented at the trial.

In *French v. Garner*, a leading case in this court, "where relief against a judgment at law was sought, because of complainant's inability, on account of his own sickness, and that of his material witness, to attend court when judgment was rendered; but the name of the witness was not disclosed, nor did it appear that all the facts material to the defense could have been established by him, nor was any reason shown for not having applied for a new trial at law,—a court of equity refused to interfere."—1 Brick. Dig. 607, § 403; 7 Porter, 549. A similar rule is applicable in a proceeding by petition under the statutes. "Although," says RICE, C. J., "the petition may show that the defendant was prevented from making his defense by surprise, accident, mistake, or fraud; yet, if it shows nothing more, and fails to show that he was so prevented without *fault on his part*, it discloses no right to obtain a rehearing under the Code, or under any other law."—*White v. Ryan*, 31 Ala. 402; *Shields v. Burns*, 31 Ala. 535; *Elliott v. Cook*, 33 Ala. 490.

It is true that, in a proceeding of this sort, the petitioner will not be put to full proof of the facts upon which his defense in the original action depends; but it should appear, by his petition, that he will be able to make good the defense on which he insists, and that he is free from any fault

[Moore & McGee v. Burns & Company.]

or negligence in not having effectually made it before. We think that these things do not appear by the petition and showing in this cause. By them it is shown, that petitioner himself is the only person on whom he can rely as a witness; and it is equally apparent, without looking into the affidavits of third persons, filed on behalf of plaintiff, Henry, that the latter would, on oath, contradict the petitioner. Moreover, it is not shown that defendant Wallace did not know of the sickness of Robinson, his original attorney, or that he did not have an opportunity to move in the Circuit Court, after the judgment was rendered, for a new trial. In a cause pending as long as this had been, about six years, parties must be held to the highest degree of diligence to be prepared for trial. Without considering any other question that might be raised, we are of opinion that petitioner is not entitled to the extraordinary remedy by writ of *mandamus*.

The motion must be denied, at the costs of the petitioner.