# Kirby *v.* Kirby's Adm'r.

*Bill in Equity to enjoin Judgment in Ejectment.*

1. *Equitable relief against judgment at law.*—The husband having died in possession of lands to which he had no title, the same having been an Indian reservation, and all right to it as such having been declared by the proper authorities of the United States to have been terminated; a judgment in ejectment by default, for the possession of the land and damages for rents, recovered by the husband's administrator against the widow, will not be enjoined in equity, at her instance, because the final decision of the commissioner of the land-office at Washington was not made until after the rendition of the judgment.

APPEAL from the Chancery Court of Jackson.

Heard before the Hon. N. S. GRAHAM.

The bill in this case was filed on the 11th February, 1881, by Mrs. Lavinia Kirby, the widow of Joshua Kirby, deceased, against Jesse E. Brown, as the administrator *de bonis non* of the estate of said decedent; and sought to enjoin a judgment at law, in a statutory action in the nature of ejectment, which said administrator had recovered against the complainant, for the possession of the lands sued for, and $3,150 damages on account of rents. The decedent, Joshua Kirby, died in possession of the lands, some time during the year 1857; and Mrs.

[Kirby v. Kirby's Administrator.]

Lavinia Kirby, the widow, qualified as the administratrix of his estate, and continued in possession of the lands, sometimes renting them out. In September, 1877, Mrs. Kirby was removed from the administration, and letters of administration *de bonis non* were granted to the said Jesse E. Brown, the defendant in this suit. On the 10th September, 1878, said administrator instituted a statutory action in the nature of ejectment against Mrs. Kirby, to recover the possession of the land, and damages on account of rents; and no defense being made to the action, except the interposition of a demurrer (which was overruled), judgment was rendered for the plaintiff, on the 26th October, 1880, for the land and damages, as above stated. The land in controversy was an Indian reservation, known as the "John McNary Reservation," under the treaties of 1817 and 1819 between the United States and the Cherokee Indians. The bill alleged, that said Joshua Kirby, although he had been in the undisturbed possession of the land for about thirty years, never had any title to it, but was a mere trespasser as against the United States, in whom the legal title resided; that on the 3d December, 1853, "the rights of said McNary as reservee, and of his heirs, in and to said land, were declared terminated by the proper authority of the United States, and the sum of $6,400 was awarded and paid by the United States to the heirs of said McNary for said lands belonging to said reservation, and since that time, up to the present, said lands have been owned in fee simple by the United States; that in November, 1879, testimony was taken by the register of the land-office at Huntsville, in regard to the respective claims of all parties, including the administrator and heirs of said Joshua Kirby, to the lands embraced in said reservation, and said testimony was sent by said register to the general land-office at Washington city, for inspection and decision thereon by the commissioner of said general land-office, as to the respective rights and claims of all parties in and to said lands; that no final decision was made and passed by said commissioner until November, 1880, after said judgment had been taken against complainant, when a final decision was made by said commissioner, by which it was ascertained, determined, and declared by him, that the right and title to said land was vested in the United States ever since the 3d day of December, 1853, and that said Joshua Kirby, his heirs and administrator, have not any right or just claim to said land since said 3d December, 1853. Your orator alleges, therefore, that said administrator had no cause of action against her in said suit; that said judgment for damages is clearly contrary to equity and good conscience; that complainant had a valid and meritorious defense to said action of ejectment, but could not, by any amount of diligence on her

[Kirby v. Kirby's Administrator.]

part, have made her defense available on the trial, because said commissioner had not then decided, on the case then pending before him, to whom said lands in fact belonged, and the fact that said lands belonged to the United States, which would have constituted a complete defense to said action at law, could not then be proved; and complainant avers that, by reason of these facts, she was prevented by accident, without any fault or negligence on her part, from making a valid defense to said action."

The chancellor dismissed the bill, on motion, for want of equity; and his decree is now assigned as error.

NORWOOD & NORWOOD, for appellant.

WATTS & SONS, contra.

STONE, J.—The excuse offered by complainant, for not defending this suit in the law court, is wholly insufficient. True, according to the averments of the bill, there had been no official adjudication, declaring where the title rested, when the judgment in ejectment was rendered. That adjudication did not create the title. It was as much in the Government of the United States before, as it was after the commissioner of the land-office so pronounced. And, in fact, Mrs. Kirby in her bill charges that, as early as 1870, she learned that the title was not in her deceased husband. That fact, and the true condition of the title, could have been proved; and still Mrs. Kirby made no attempt to defend at law. No matter how unrighteous the judgment may have been, the bill fails to make a case for relief in equity. The defense was legal, and the complainant does not show she was prevented from making it by fraud, accident, or the act of the adversary.—1 Brick. Dig. 666. In what we here say, we must not be understood as affirming that Mrs. Kirby was in condition to make defense, even at law. This question is possibly distinguishable from those declared in Pettit v. Pettit, 32 Ala. 288, and in Burns v. Hamilton, 33 Ala. 210.

Affirmed.