# Foshee v. McCreary.

## Bill in Equity to enjoin Enforcement of Judgment at Law.

1. *Action upon bond; what is legal as distinguished from equitable defense.*—In an action on a bond to secure costs in an election contest, the absence of any record showing that costs had been properly taxed in favor of the witnesses and officers entitled thereto, and the repeal of the law permitting election contests under which the bond sued on was given, because of which repeal there was a dismissal of the contest suit without determination on appeal, are facts which constitute legal, as distinguished from equitable, defenses.

2. *Bill to enjoin collection of judgment.*—Before a party can maintain a bill in a court of equity to restrain the collection of a judgment at law, it is necessary for him to acquit himself of fault or negligence in respect of defenses which might have been interposed to prevent the judgment.

3. *Same; case at bar.*—Where, in a bill filed to restrain the collection of a judgment, it is shown by the averments that the grounds for the granting of the relief prayed for were available as a defense in an action at law, the bill is without equity and properly dismissed on motion for the want of equity; since, if the defenses were interposed at the former trial and failed by reason of error in the ruling of the court, the remedy by appeal was adequate, and if the defenses were not presented, the defendant in such suit, by his neglect, prevents the establishment of the same defenses in the court of equity for the purpose of defeating the judgment rendered.

APPEAL from the Chancery Court of Conecuh.

Heard before the HON. W. L. PARKS.

The bill in this case was filed by the appellants against the appellees. The following facts were averred in the bill: On August 20, 1892, the complainants signed a bond of one J. M. Liles, who died before the filing of this bill, to contest with Robert J. McCreary the election to the office of tax collector of Conecuh county, as provided at that time by law. This bond was approved by the probate judge of Conecuh county on the day of its execution. The contest for the office of tax collector of said county between J. M. Liles and Robert J. McCreary was tried before the probate judge of Conecuh county and decided adversely to said Liles, and from this decision of said probate court Liles appealed to the circuit court of Conecuh county, and on April 24, 1893, said circuit court of Conecuh county decided said contest adversely to said Liles, by dismissing it out of said court. Thereupon, on the 12th day of September, 1893, Robert J. McCreary, as plaintiff, for the use of officers of the court and witnesses, brought suit in the circuit court of Conecuh county against the complainants as defendants on said bond, for the costs in the contest of said election, it being averred in the complaint in said suit that the defendants had failed to pay the costs incurred in said contest. The plaintiff in said suit recovered the judgment against the complainants in this bill, and upon said judgment execution was issued and placed in the hands of the sheriff of Conecuh county for collection.

It was then averred in the bill "that said judgment upon which said execution has issued and has been placed in the hands of said sheriff is an accident and mistake and will work great injuries and will do irreparable wrong and injury to your orators, if said sheriff collects out of your orators money on said execution; that there are no witnesses or officers, shown by the records of the probate court of said Conecuh county or records of the circuit court of Conecuh county, showing to whom said money is to be paid, when collected by said sheriff on said execution; and your orators further aver and show that the probate court of Conecuh county and

the circuit court of Conecuh county are both courts of re-
cords, and that there is no record in either the said pro-
bate court or said circuit court showing in any book or
other record required to be kept by law in either the said
probate or said circuit court any witnesses' or officers'
fees charged up in said contest of said John M. Liles for
the office of tax collector of Conecuh county against said
Robert J. McCreary, and that if said sheriff collects said
execution, there are no officers and witnesses, or officers
or witnesses for whose use said suit was brought, said
judgment obtained, and said execution issued to re-
ceive said money." The bill then further averred "that
at the time of the institution of the said contest by the
said John M. Liles, against the said Robert J. McCreary,
for the said office of tax collector of Conecuh county,
and at the time of your orators entering into and execu-
ting their said bond for cost of contest in said contest
case, and at the time of the approval said bond for cost
and the trial of said contest by the probate judge of
Conecuh county, the statute laws of Alabama authorized
and gave to said John M. Liles the legal right to insti-
tute and have tried on its merits in the courts of law of
the State of Alabama, the contest for the office of tax
collector of Conecuh county, upon condition that the
contestant entered into bond to secure cost of contest,
and under this law and by reason of this law then exist-
ing your orators made and entered into and executed
said bond, and that after the decision of said contest by
the probate judge of Conecuh county adversely to the
said John M. Liles, an appeal to the circuit court of
Conecuh county was taken, as provided by law then ex-
isting, by said John M. Liles, and pending said appeal
and before the trial thereof by the circuit court of Con-
ecuh county, the legislature of Alabama, by an act pass-
ed and approved February the 10th, 1893, repealed the
statute law of the State allowing the contest for the offie
of tax collector of Conecuh county, theretofore existing,
and absolutely and totally destroying the right of said
John M. Liles to have his said contest tried by the cir-
cuit court of Conecuh County, and the said cir-
cuit court of Conecuh county by reason of, in
pursuance to, and as it was compelled to, un-

der said act of the legislature of Alabama, approved February the 10th, 1893, dismissing the said appeal of the said John M. Liles thereby carrying out the legislative will and intent of destroying the right to have said contest heard and tried on its merits in the courts of the State, impairing the obligations of said bond and contract." The bill then averred that by operation of the said act of the legislature, the right of contest on the part of J. M. Liles was destroyed, and the nature and condition of the said bond for contest was so changed and altered as to visibly affect the peril of the complainants and thereby the complainants were relieved from any liability on said bond.

Robert J. McCreary and George W. Etheridge and S. L. Tisdale, the clerk of the circuit court of Conecuh county, were made parties defendant to the bill.

The prayer of the bill was that an injunction be issued, restraining the defendants from enforcing the execution issued or any execution to be issued in the future, and that the bonds for costs of contest taken and approved on August 20, 1892, be surrendered and cancelled, and that Robert J. McCreary be enjoined from further proceeding to enforce the collection of said judgment recovered by him against the complainants. The defendants moved to dismiss the bill for want of equity.

Upon the submission of the cause upon the motion to dismiss the bill for want of equity, the chancellor rendered a decree granting the motion and ordering the bill dismissed. From this decree the complainants appeal, and assign the rendition thereof as error.

STALLWORTH & BURNETT and JAMES A. STALLWORTH, for appellant, cited *Luke v. Calhoun county*, 56 Ala. 415; *Turnipseed v. Jones*, 101 Ala. 593; *Lovejoy v. Beeson*, 121 Ala. 605; *Frazier v. McWhirter*, 121 Ala. 308; *Hilliard v. Brown*, 103 Ala. 318; *Dean v. Witherington*, 116 Ala. 575; *McKee v. Griffin*, 66 Ala. 213; *Stevens v. Hertz-ler*, 114 Ala. 574.

LOMAX, CRUM & WEIL and C. E. HAMILTON, *contra.*— The bill in this case does not contain equity. If there is any proposition of law well settled, it is that

[Foshee v. McCreary.]

a court of equity will not disturb a judgment at law, or of any court of competent jurisdiction, unless it clearly and affirmatively appears that the judgment was obtained by *fraud, accident or mistake, unmixed with negligence on the part of the complaining party.—Noble v. Moses*, 74 'Ala. 604; *National Fert. Co. v. Hinson*, 103 Ala. 532; *Tillis v. Prestwood*, 107 Ala. 618; *Waldrom v. Waldrom* 76 Ala. 285; *Kirby v. Kirby*, 70 Ala. 370; *Weems v. Weems*, 73 Ala. 462.

In this bill, all such allegations are conspicuously absent. Indeed, it does not appear that all of these matters were not interposed as a defense, in the circuit court. Certain it is the bill contains no excuse for not having done so; but, as the chancellor says, it shows a clear case of negligence on the part of complainants in not interposing the very (supposed) defense, they now undertake to set up here. So it is a well settled proposition, that a court of equity will not interfere with a judgment at law, unless it is shown also that complainant had a good defense and could have successfully interposed it.—*National Fertilizer Co. v. Hinson*, 103 Ala. 532.

It is clear that the obligors on said bonds are liable for the costs incurred, and the *alleged* defenses should not and ought not prevail in law or equity.—*Hilliard v. Brown*, 103 Ala., 318.

SHARPE, J.—The rules of equity are strict in requiring a party seeking relief from a judgment at law to acquit himself of fault or neglect in respect of defenses which might have been interposed to prevent the judgment.—*Tillis v. Prestwood*, 107 Ala. 618; *National Fertilizer Co. v. Hinson*, 103 Ala. 532; *Noble v. Moses Bros.*, 74 Ala. 604; *Kirby v. Kirby's Admr.*, 70 Ala. 370; *Waldrom v. Waldrom*, 76 Ala. 285.

The matters relied on by complainants to show their non-liability on the obligation which was the foundation of the judgment sought to be enjoined, appear to have existed at the time of the trial in the circuit court. We find it unnecessary to consider those matters further than to note that they do not constitute equitable as distinguished from legal defenses and, therefore, could have

32

been availed of, if at all, in that trial. Whether they were there presented as defenses does not appear. If they were so presented and failed by any error of that court the remedy was adequate by appeal. If they were not there presented complainants' unexplained failure to so defend must be attributed to their neglect which prevents the establishment of the same defenses in equity for the purpose of defeating the judgment. We concur with the chancellor in the opinion that the bill is without equity; and the decree dismissing same will be affirmed at appellants' cost.

Affirmed.