[Collier v. Parish.]

# Collier *v.* Parish.

*Bill to Annul a Decree Obtained by Fraud and Misrepresentation.*

(Decided May 19, 1906. 41 So. Rep. 772.)

1. *Judgment; Equitable Relief; Meritorious Defense.*—In order to obtain equitable relief against a decree on the grounds of fraud, the complainant must show that he had a meritorious defense which can be established by evidence upon another trial, that the judgment was taken by fraud of respondent, and that complainant was not negligent.

2. *Same; Evidence; Sufficiency.*—The evidence considered in this case and held insufficient to show fraud, or the absence of negligence on part of complainant.

APPEAL from Pike Chancery Court.

Heard before HON. W. L. PARKS.

Bill by W. I. Parish against A. A. Collier. From a decree in favor of complainant, defendant appeals.

This was a bill filed by appellee gainst appellant, seeking to annul a decree theretofore made and entered by the chancellor in a suit by A. A. Collier against the appellant to enforce a vendor's lien, alleging a final decree on bill and decree pro confesso against this complainant for the sum of $454.31, besides the cost, and a decree ordering the land to be sold and the fact that said land was advertised to be sold, alleging an agreement between complainant and J. B. Collier, to whom it is alleged the vendor's note was given, by which a satisfactory adjustment of the payments was made and an agreement on Collier's part to dismiss the bill seeking to enforce the vendor's lien, and a reliance upon the promise of Collier that the case would be dismissed, and his further representation that it had been dismissed, alleging also a submissal to arbitration as to the payments complainant had made on the land, the proper selection of said arbitrators, and their return finding that complainant had paid Collier $27 more than was due on said note, and also alleging that said decree was obtained by fraud and misrepresent-

[Collier v. Parish.]

tion, and that A. A. Collier claimed afterwards to be the transferee of said note. The chancellor granted relief prayed for in the bill, and from this decree this appeal is prosecuted.

BRANNEN & GARDNER, and J. M. CHILTON, for appellant.—The court erred in overruling the motion to dissolve the injunction for want of equity in the bill in that the bill fails to show that complainant had a meritorous defense to the original action which he was prevented from making by fraud unmixed with negligence on his part.—National Fert. Co. v. Henson, 103 Ala. 532; Alston v. Maxwell, 112 Ala. 641; Belcher v. Scruggs, 125 Ala. 341; Norman v. Burns, 67 Ala. 248; Waldron v. Waldron, 76 Ala. 385. The court erred in refusing to dismiss the bill for want of equity as above alleged.— Authorities supra; Ex parte Wallace, 60 Ala. 267. A bill to impeach a decree for fraud is an original bill in the nature of a bill for review.—Stallworth v. Blum, 50 Ala. 46; Gordon v. Ross, 63 Ala. 363; Ex parte Smith, 34 Ala.; Curry v. Peebles, 83 Ala. 225. It follows therefore, that the chancellor erred in granting the relief prayed for in this case. The proper practice is to place the parties in statu quo, that is to say to open the original suit and try the same de novo.—Algood v. Bank of Piedmont, 130 Ala. 237.

Parrish was not competent to testify as to the transaction with deceased partner from whom the owner of the purchase money notes acquired them.—§ 1794, code 1896; Louis v. Easten, 50 Ala. 470; Sublett v. Hodges, 88 Ala. 491. The theory upon which the bill is filed is untenable. Mrs. Collier filed a bill to enforce the vendor's lien and the bill nowhere avers that either Mrs. Collier or her solicitor had any notice or information whatever of the fraud alleged to have been perpetrated by A. A. Collier.—Jackson v. Smith, 75 Ala. 97; Burns v. Campbell, 71 Ala. 271; Ala. State Land Co. v. Reed, 99 Ala. 19; Wheeler v. McGuire, 86 Ala. 402; Scales v. Mount, 93 Ala. 82.

FOSTER, SAMFORD & CARROLL, for appellee.—If the acts

of the supposed agent are of such a character and so continuous, as to furnish a reasonable ground of inference that the supposed principal knew of them, and would not have permitted the assumed agent thus to act, in the absence of authority, the acts are competent evidence of agency.—*Reynolds v. Collins,* 78 Ala. 97; 39 Ala. 33; 38 Ala. 208.

The principal is liable for the fraudulent acts of the agent in the course and within the scope of his employment, though in fact the principal did not authorize the practice of such fraud. —1 Am. & Eng. Encyc. of Law (2d Ed.) 1158. While the existence of a fact cannot be proved by reputation, yet when the fact is established, notoriety in the neighborhood may be proved as competent evidence to charge one resident there with notice of it.—*Woods v. Montevallo,* 84 Ala. 564; *Schlaff v. L. & N. R. R.,* 100 Ala. 377; *Cleveland v. Sibert,* 81 Ala. 140; *Central v. Smith,* 76 Ala. 578. The fraud alleged in the bill is held to be sufficient.—2 Freeman on Judgments, § 92. Parish can testify as to any transactions with G. C. Collier, who was not the agent of A. A. Collier, but of J. B. Collier.—*Nelson v. Howison,* 122 Ala. 578. G. C. Collier's books are not admissible: 1. Because the transaction was with J. B. Collier, and not G. C. Collier; (2) because it is not shown on these books Parish was charged with this note; (3) because some of the entries introduced as evidence are not the original entries of the items represented.—3 Mayfield, page 523, 1716.

SIMPSON, J.—The first and second assignments of error relate to the action of the court in its decree of January 1, 1902, overruling the motion to dissolve the injunction and to dismiss the bill for the want of equity. Those were motions with regard to the original bill, which was afterwards amended by the filing of the amended bill on which issue was taken and the cause submitted. It is too late now to assign such action of the court as error. Practically the same questions come up in disposing of other assignments of error going to the merits of the case and the action of the court in rendering the decrees.

[Collier v. Parish.]

The prayers of the bill are, first, for a temporary injunction, with the usual prayer that it be made perpetual; second, that the decree be declared null and void on account of fraud, that orator be permitted to come in and defend against the claim of said respondent, and that a reference be ordered to the register to ascertain the amount of the unpaid purchase money and what amount if any remains due. The decree is that complainant is entitled to relief and to have the temporary injunction made perpetual, which is decreed, and it is further decreed that Parish is not indebted to A. A. Collier in any amount for the purchase of the land, nor upon the note or notes given to the complainant for the land, nor on the notes described in the pleading. Under our decisions, the dignity of a judgment is such that, in order to set it aside even on the ground of fraud, the complainant must prove that he had a meritorious defense which could be established by evidence on another trial, and that the judgment was taken by the fraud of the opposite party unmixed with negligence on his own part. Thus, although the judge had announced that no civil cases would be taken up, and that all parties interested could go home, and the opposing counsel afterwards obtained the judgment by stating to the court that it had been agreed on, this court held that the party was not entitled to relief because he failed to put in a plea.—*National Fert. Co. v. Hinson,* 103 Ala. 532, 15 South. 844. And in a case where the party trusted to the verbal assurance of the attorney of the opposing party that no judgment would be taken, in place of insisting on having the agreement in writing, the court said: "The circumstances which are relied on to excuse failure to defend at law must have been such that no exercise of diligence on his part could have guarded against," etc.—*Norman v. Burns,* 67 Ala. 248, 252. See, also, *Ex parte Wallace,* 60 Ala. 267; *Collier v. Falk,* 66 Ala. 223.

All of the authorities hold that the proof of the essntial matters shall be clear and convincing. The complainant in this case rests his case entirely upon the verbal

assurance which he claims that J. B. Collier gave him. Pretermitting for the time being the question as to the legal sufficiency of the facts, even admitting them to be just as testified to by the complainant ,the burden certainly rested on him to prove, by that clear and conclusive testimony which the law requires in such cases, first, that J. B. Collier was the agent of A. A. Collier in the management of his case, with authority to dismiss it, and, second, that he did make the statement as claimed in this bill. There is not a particle of proof about the agency, except some vague statements about looking after some lands for his wife and having looked after some cases in the justice of the peace court, none of which tended to show that he was clothed with the authority claimed in regard to this particular case. It is shown, too, by the testimony of the complainant himself, that he knew that Mr. Hubbard, the attorney, had possession of the notes and had brought the suit; also that, when he went to Mr. Hubbard once to get the notes for a short time, Mr. Hubbard refused to let him have them unless he would bring a written order from Mrs. A. A. Collier. He also states that J. B. Collier never told him that he was authorized to dismiss the suit, but only that what he did would be all right. He also admits that, while he does not recollect it, Mr. Hubbard may have told him (as Mr. Hubbard swears he did) that he (Hubbard) had charge of the matter, and that complainant had better get a lawyer and put in his answer, or a judgment would be taken against him. He also admits that it may be true, as testified to by Mr. Hubbard, that J. B. Collier told him, in Hubbard's presence that he had nothing to do with the case, and that it was in Hubbard's hands. Taking his own testimony, in connection with that of Mr. Hubbard, the proof utterly fails on the question of agency and as to what was really said. The complainant relies entirely on his own testimony which is contradicted by J. B. Collier. The complainant filed no answer, did not even inquire of the register as to whether the suit was dismissed, nor of the attorney who had possession of the note and was in charge of the case. We hold that his contention is not sup-

ported by that convincing evidence which the law demands, and he has not acquitted himself of all fault or negligence as the law requires in order to set aside the decree of the court.

These rules of law may sometimes work hardship; but, looking to the general good, the law deems the integrity of the judgments of our courts too important to allow them to be disturbed by a less measure of proof. The decree of the court is reversed, and a decree will be here entered dismissing the bill.

Reversed and rendered.

WEAKLEY, C. J., and HARALSON, and DOWDELL, JJ., concur.