# McDonald *v.* Cawhorn.

### *Bill to Cancel Judgement for Want of Service.*

(Decided June 13, 1907. .44 South. 395.)

1. *Judgment; Cancellation; Service of Process.*—In a bill to cancel judgment for want of process, where the issue was whether the service was had in this or another state, the burden is on complainant to show that the service was had in another state; and in this case the evidence is stated and examined and held insufficient to carry the burden.

2. *Same; Grounds; Ignorance of Suit.*—Equity will cancel a judgment and enjoin a sale under execution thereon where complainant (defendant in the suit) shows that he had no notice or knowledge of the suit, and that he has a meritorious defense; but it is not sufficient that the service of process was merely irregular or not in strict compliance with the statute, such objection being available only in the court awarding the judgment, or on appeal to this court.

3. *Same.*—Evidence in this case examined and held to show that complainant (defendant in the suit sought to be cancelled) knew of its pendency and that she was a party defendant thereto.

APPEAL from Lauderdale Chancery Court.

Heard before Hon. W. H. SIMPSON.

Bill by Lydia McDonald against W. W. Cawhorn, as administrator of Betsie McCluskey. From a decree for defendant, complainant appeals. Affirmed.

The bill alleges that a judgment by default was rendered against complainant and her husband, F. S. Mc-

Donald, on a note, in the sum of $638.97 and costs, and that execution had issued on it and had been levied upon lands therein described; that the property so levied on has been advertised for sale in satisfaction of the execution, etc. The defense which complainant alleges she has to the judgment and the note upon which it is founded is that the note was executed by her husband, that no part of the consideration moved to her, and that some months after the note was executed she signed the same as surety for her husband. Upon this is based the allegation that the note is void, and the judgment obtained thereon as against her is also void. It is alleged that no notice of the filing of the suit was ever served on her, either by publication or otherwise, and that the court was without jurisdiction to hear and determine the cause. The proof showed a service of process upon the defendants in the suit, and the issue in dispute was whether it was in Tennessee or Alabama.

JOHN T. ASHCRAFT, for appellant.—The jurisdiction in personam of the courts of the state or county is confined to persons within its territorial limit, and service of process beyond such limits is ineffectual to confer such jurisdiction.—*Ward v. Boyce,* 152 N. Y. 191; *Maxican Ry. Co. v. Pinckney,* 149 U. S. 194. The summons must be executed in accordance with the statute—Section 3273, Code 1896. Equity will relieve against judgment purporting to have been rendered by default where the allegations and proof show that defendant was not served with process and has a good and meritorious defense.—*Dunklin v. Wilson,* 64 Ala. 162; *Rice v. Tobias,* 89 Ala. 214. Under the allegations of the bill, the complainant had a meritorious defense.—*Vincent v. Walker,* 93 Ala. 165; *Harden v. Darwin,* 77 Ala. 472; *Russell v. Peevey,* 131 Ala. 567.

[McDonald v. Cawhorn.]

GEORGE P. JONES, for appellee.—The burden of proving that the service was made in another state is upon the complainant.—*Dunklin v. Wilson*, 64 Ala. 162. The service was sufficient.—113 Ala. 626. Before the complainant was entitled to relief it must appear that she had no notice or knowledge of the suit and had a meritorious defense.—*Dunklin v. Wilson, supra.* And this burden is upon the complainant.—96 Ala. 269; 110 Ala. 487.

ANDERSON, J.—The burden of proof was upon the complainant to show that the process was served in Tennessee; but as to what would be the result, if this fact was satisfactorily established, we need not determine, as we do not think she has successfully proven that the dining room in which the paper was left was not in Alabama. All the witnesses agree that the house is on or near the state line, while the sheriff, a disinterested witness, testifies that the dining room is in Alabama, and the only evidence to the contrary is that of the complainant and her husband, who are both interested and who could have doubtless proven the location of the room in Tennessee by disinterested witnesses, if such is the case.

Assuming, therefore, that the judgment was not void, the next inquiries are: Did the complainant have notice or knowledge of the suit against her? and has she a meritorious defense? If she proves that she had no notice or knowledge of the suit, and that she has a meritorious defense, a court of equity will cancel the judgment and enjoin a sale under an execution issued thereupon.— *Dunklin v. Wilson,* 64 Ala. 162; Freeman on Judgments, §§ 495-498; *Rice & Wilson v. Tobias,* 89 Ala. 214, 7 South. 765, reported also in 83 Ala. 348, 3 South. 670. It is not sufficient that the service of the process was merely irregular, or not in strict compliance with the

[Central Land Co., et al. v. Sullivan.]

statute, to render the judgment subject to collateral attack. It is sufficient, to defeat a cancellation thereof, if the complaining party had notice or knowledge of the suit, and any objection to form or sufficiency was available only in the court which gave it or by a direct appeal.—Freeman on Judgments, § 126, and note.

In the case of *Rice & Wilson v. Tobias*, 89 Ala. 214, 7 South. 765, the complainant was given relief, as the proof showed he was not served with process and had no notice or knowledge of the suit, and that he had a meritorious defense. In the case at bar the summons was laid on the table for the complainant and in her presence. The husband was handed the one for him at the gate, which he read. The husband also admits going to Florence to see about the suit, and that he discussed the purpose of his visit with his wife, but claims that he did not inform her that she was being sued also. We think that the complainant has not only failed to show want of notice or knowledge of the suit, but that the facts and circumstances fully warrant us in holding that she knew of the pendency of the suit and that she was a party defendant.

The decree of the chancery court is affirmed.

TYSON, C. J., and DOWDELL and MCCLELLAN, JJ., concur.