# *Ex Parte* Overton.

*Mandamus.*

(Decided Jan. 18, 1912. 57 South. 434.)

*Judgment; Default; Setting Aside.*—Where a judgment by default was taken and the damages were not liquidated, but were to be assessed and had not been assessed, the judgment remained interlocutory, and subject to be set aside, in the discretion of the court, after thirty days from its rendition, as section 11, Acts 1888-9, p. 11, has reference to final and not to interlocutory judgments.

Original application in the Supreme Court.

Application by Andy J. Overton for writ of mandamus directed to the judge of the circuit court of Jefferson county, to require him to vacate an order setting aside a judgment rendered by default. Rule denied.

SEPSALON & DAVIS, for appellant.    No brief reached
the Reporter.

A. C. & H. R. HOWZE, for appellant. The judge's bench
notes are never a judgment.—*M. & C..R. R. Co. v. Martin*, 131 Ala. 269; *Winn v. McCraney*, 156 Ala. 630.    If
said notes had any efficiency, they were destroyed by
the failure of the clerk to enter them on the minutes.
A judgment by default may be interlocutory or final,
but where a writ of inquiry is ordered, the judgment
remains interlocutory until the writ is executed.—23
Cyc. 672; 6 Enc. P. & P. 59.    The motion to set aside
was addressed to the sound discretion of the court.—
*Allen v. Lathrop*, 90 Ala. 490; *Ex parte Parker*, 54
South. 572.    This being true, mandamus will not lie.—
*Ex parte Scudder-Gayle Groc. Co.*, 120 Ala. 434.    The
judgment being interlocutory, the practice act does not
apply so as to cut off the court's right to act on it after
the expiration of the thirty-day period.

SAYRE, J.—This is an original application to this
court for a writ of mandamus.    It appears that the petitioner brought his suit in the circuit court of Jefferson
county against Octavia A. Wood.    On October 7, 1911,
more than 30 days after due service of the summons
and complaint, defendant being in default, plaintiff had
judgment by default with leave to execute a writ of inquiry for the assessment of damages.    On November 10,
1911, the inquiry was executed and damages assessed
by a jury.    Subsequently the defendant moved the court
to set aside the judgment and for leave to plead to the
merits, averring that she had been prevented from making defense by surprise, accident, and mistake, and that
she had a just, full, and complete defense.    On November 18, 1911, the court set aside the verdict and judg-

ment.  Petitioner prays that the judge of the circuit court be required to vacate, annul, and set aside the judgment by which his judgment was vacated, annulled, and set aside.

The act regulating the practice in the circuit court of Jefferson (Local Acts 1888-89, p. 797) provides in section 11 that "final judgments rendered in said court shall, after the expiration of 30 days from their rendition, be taken and deemed as completely beyond the control of the court as if the term of said court at which said judgments are rendered had ended at the end of said 30 days." The motion was addressed to the sound discretion of the court, and it is not alleged that the court's ruling was infected with error, except that the motion and the judgment were made and rendered more than 30 days after the judgment by default.  But the limitation of 30 days is placed upon the power of the court to interfere with judgments which are final.  Interlocutory judgments are as much under the control of the court as they ever were.  The judgment by default was an interlocutory judgment.  It is generally held that a final judgment cannot be entered where the damages are, as in this case, unliquidated, or the amount of plaintiff's claim uncertain or indeterminate. There must first be an interlocutory judgment by default, and the final judgment is entered after the damages have been assessed by a writ of inquiry or otherwise determined according to law.  23 Cyc. 765.  It was so ruled by this court in *Martin v. Price,* Minor, 68.  There was no error in the court's action, and the writ of mandamus will be denied.

Mandamus denied.  All the Justices concur, except DOWDELL, C. J., not sitting.