**BLANKENSHIP v. HAIL, Circuit Judge.**
(6 Div. 494.)

(Supreme Court of Alabama. Dec. 17, 1925.)

**1. Judgment ☞301—Order setting aside judgment upon payment of costs within 60 days is not final judgment.**

Where order setting aside judgment was conditioned that defendant pay costs within 60 days, court had authority, more than 30 days thereafter, to modify requirement for payment of costs, notwithstanding Code 1923, § 6670; order not being final judgment.

**2. Costs ☞214—Statute applying to retaxation of costs when improperly charged or taxed has no application, when costs are imposed as condition for relief.**

Where costs are imposed as a condition for relief, Code 1923, § 7247, does not apply, as it has application only to retaxation of costs by the court when improperly charged or taxed.

Original petition by R. P. Blankenship for mandamus to Hon. Joe C. Hail, Judge of the Tenth Judicial Circuit, to vacate an order modifying a judgment or order granting a motion for new trial in the case of R. P. Blankenship against C. P. Minor. Writ denied.

S. R. Hartley, of Birmingham, for petitioner.

Respondent had no jurisdiction or authority to entertain a motion to set aside or vacate a judgment entered more than 30 days before filing of the motion, nor to vacate an order made by him after the lapse of 30 days. Code 1923, §§ 6670, 7247, 9452; Acts 1915, p. 707, § 3, p. 708; Ex parte Payne, 130 Ala. 189, 29 So. 622; Mt. Vernon, etc., Mills v. Judges, 200 Ala. 168, 75 So. 916; Ex parte Brickell,

204 Ala. 441, 86 So. 1; Ex parte Margart, 207 Ala. 604, 93 So. 505; Howard v. Ala. F. & I. Co., 208 Ala. 500, 94 So. 531; Lewis v. Martin, 210 Ala. 401, 98 So. 635.

Vassar L. Allen, of Birmingham, opposed.

The cause is still pending in the trial court; the order complained of was interlocutory, and not final, and the respondent retained control over it. 19 R. C. L. 676; Ex parte Davis, 209 Ala. 126, 95 So. 363; Ex parte Byers Mach. Co., 18 Ala. App. 78, 89 So. 88; Ex parte Overton, 174 Ala. 256, 57 So. 434; Code 1923, § 8576 (6).

ANDERSON, C. J. Petitioner, Blankenship, recovered a judgment in the circuit court against C. P. Minor on March 4, 1925. On March the 28th a motion was filed by defendant to set aside said judgment, and this motion was heard April the 11th, at which time the following order was entered by the court, to wit:

"It is hereby ordered, adjudged, and decreed by the court that the judgment in this case be set aside and the case is reinstated upon the defendant, C. P. Minor, within sixty (60) days after this date, paying all costs to date in this case."

Thereafter, on May the 29th, the defendant, Minor, filed a motion to modify or vacate so much of the order of April the 11th as required him to pay all cost within 60 days, and, on June the 11th, the last motion was granted.

[1, 2] The propriety of making the original order of April the 11th is not questioned in brief of counsel, but, it is insisted that the circuit court had no authority to make the change or modification of May the 29th because the order of April the 11th became final under the statute 30 days thereafter and before the motion was made for said change or modification. This insistence would be sound under section 6670 of the Code of 1923, had the order of April the 11th been a final judgment or decree as contemplated by said section, but the order was conditional and in the nature of an interlocutory rather than a final judgment, and was therefore in fieri, not only when the last motion was made, but when the modification was made. Ex parte Overton, 174 Ala. 256, 57 So. 434, wherein the act which is the predecessor of section 6670 of the Code was construed as applicable only to final judgments and decrees. The order of April the 11th, being conditional upon the payment of the cost within 60 days, did not, as upon the date of the rendition thereof, become a final and complete judgment. Freeman on Judgments, § 14; Daggett v. Boomer, 210 Ala. 673, 99 So. 181; Lide v. Park, 132 Ala. 222, 31 So. 360.

Section 7247 of the Code of 1923 applies to the retaxation of cost by the court when im-properly charged or taxed, and has no application to a case like this, where the cost is imposed as a condition for relief.

The cases cited and relied upon by counsel were dealing with the statute as applicable to final judgments and not conditional ones like the one here involved.

The petition for mandamus is denied.

SAYRE, GARDNER, and MILLER, JJ., concur.