## Ex parte RICHERZHAGEN.    (6 Div. 897.)

Supreme Court of Alabama.    May 26, 1927.

1. Judgment ⬩143(3)—Motion to set aside default on ground that defendant was prevented from making defense through accident or mistake is addressed to discretion.

Motion to set aside default on ground that defendant had good defense to action which he was prevented from making through accident or mistake is addressed to sound discretion of court.

2. Judgment ⬩153(2)—Trial court was empowered to grant motion to set aside default made within 30 days from rendition of final judgment.

Where judgment by default with writ of inquiry was entered on September 8, and on October 12 writ of inquiry was executed, and final judgment entered for plaintiff, and where motion to set aside default was made November 9 and continued from time to time, trial court acted within authority in granting motion.

3. Judgment ⬩137—That writ of inquiry was executed before division of court presided over by different judge, held immaterial, as affecting vacation of default.

Where default with writ of inquiry was entered,·and, after execution of writ, final judgment was entered, and defendant moved to set judgment aside because he was prevented from making defense through accident or mistake, fact that writ of inquiry was executed before another division of the court was immaterial, since power to set aside judgment was inherent in the court and not the judge.

Original mandamus of Helen Richerzhagen, by her next friend, W. Richerzhagen, against Hon. Joe C. Hail, Judge of the Tenth Judicial Circuit. Writ denied.

O. S. Finch, of Birmingham, for appellant.

·Counsel argue for error in granting the motion to set aside the judgment, and cite Ala. Mid. R. Co. v. Johnson, 123 Ala. 197, 26 So. 160; Girardino v. Birmingham Southern R. Co., 179 Ala. 420, 60 So. 871; McLeod v. Shelly M. & I. Co., 108 Ala. 81, 19 So. 326; Hatfield v. Riley, 199 Ala. 388, 74 So. 380; Cobb v. Malone, 92 Ala. 630, 9 So. 738; Bozeman v. Dillard, 213 Ala. 223, 104 So. 402.

Stokely, Scrivner, Dominick & Smith, of Birmingham, for appellee.

The judgment was not final until damages were assessed. The court had not lost control over the judgment when the motion was presented. Ex parte Overton, 174 Ala. 256, 57 So. 434; Bozeman v. Dillard, 213 Ala. 223, 104 So. 402.

BROWN, J. The petition for the writ of mandamus and the return to the alternative writ show that on the 8th day of September, 1926, a judgment by default, with writ of

inquiry to ascertain the amount of plaintiff's damages, was entered in favor of the petitioner against H. E. Putnam in a suit then pending in the circuit court of Jefferson county, and on the 12th day of October, 1926, the writ of inquiry was executed and damages assessed by the verdict of the jury, followed by a final judgment for the plaintiff. On the 9th day of November, the defendant in the suit filed a motion to set aside the judgment on grounds, among others, that the defendant had a good defense to the action, which he was prevented from making through accident or mistake. This motion was continued from time to time until January 29, 1927, when it was granted, the final judgment set aside, and the case restored to the docket for trial.

[1, 2] This motion was addressed to the sound discretion of the court, and the question presented here is whether or not the court had lost control over the judgment by lapse of time.

Under the decisions of this court the judgment was interlocutory until the writ of inquiry was executed and the damages assessed. Ex parte Overton, 174 Ala. 256, 57 So. 434; Ex parte Bozeman, 213 Ala. 223, 104 So. 402; Blankenship v. Hail, 214 Ala. 95, 106 So. 594. The motion was made within 30 days from the rendition of the final judgment, and the court acted within its authority in granting the motion.

[3] The fact that the writ of inquiry was executed before another division of the court, presided over by a different judge, is immaterial. The power to set aside the judgment was inherent in the court, not the judge.

The writ of mandamus is denied.

ANDERSON, C. J., and SOMERVILLE and THOMAS, JJ., concur.