82 So.2d 218

Howard Boyce **EIDSON**

v.

**STATE** ex rel. Arthur **BURNS, Solicitor.**

7 Div. 227.

Supreme Court of Alabama.

Aug. 18, 1955.

Roy D. McCord and Rowan S. Bone, Gadsden, for appellant.

Si Garrett, Atty. Gen., and Maury D. Smith, Asst. Atty. Gen., for appellee.

GOODWYN, Justice.

This is an appeal from a decree of the circuit court of Etowah County, in equity,

condemning an automobile used in transporting prohibited liquors. The bill seeking condemnation was filed by the state, on the relation of the circuit solicitor, against Howard Boyce Eidson, the appellant, pursuant to Code 1940, Tit. 29, § 247 et seq., as amended.

■ There is no dispute that the automobile was being used for the transportation of intoxicating liquors. The position taken by appellant is that the liquors were being transported in interstate commerce from Vicksburg, Mississippi, to Tallapoosa, Georgia, and that, therefore, the automobile is not subject to condemnation. The state agrees that if the transportation was in interstate commerce there can be no condemnation. Such is the well established law. Alcohol Division of Dept. of Finance and Taxation of Tenn. v. State ex rel. Strawbridge, 258 Ala. 384, 387, 63 So.2d 358; Barnett v. State ex rel. Milner, 243 Ala. 410, 411–412, 9 So.2d 267; Moragne v. State, 200 Ala. 689, 77 So. 322, L.R.A. 1918E, 948; Hill v. State, 27 Ala.App. 573, 574, 176 So. 805, certiorari denied 235 Ala. 8, 176 So. 806. However, it is insisted by the state that the evidence shows the liquors were destined for Etowah County, Alabama, a dry county, and not for Tallapoosa, Georgia, as claimed by appellant. The trial court so found; and whether that finding is supported by the evidence is, as we see it, the one question for decision.

■ The evidence was taken orally before the trial judge. Accordingly, his conclusion therefrom has the force and effect of a jury's verdict and will not be disturbed by this court "unless under similar circumstances the verdict of the jury would be set aside as upon a motion for a new trial; that is, was plainly contrary to the great weight of evidence." Flint Motor Car Co. v. State, 204 Ala. 437, 438, 85 So. 741. In the light of this rule of review we do not think we would be warranted in disturbing the finding and decree of the trial court.

In support of his insistence that the liquors were being transported in interstate commerce, appellant testified that the liquors were purchased by him in Vicksburg, Mississippi, from the Delta Distributing Company and that, when arrested in Etowah County, Alabama, he was enroute from Vicksburg to his home in Tallapoosa, Georgia. As evidence of this he offered an invoice showing the sale of the liquors to "Howard Eidson, Tallopoosa, Ga."

On the other hand the state offered evidence from which it could reasonably be inferred that Etowah County was the destination of the liquors. Included in such evidence were the following facts and circumstances: That appellant had a reputation in Etowah County of being a bootlegger; that on January 6, 1953, he pled guilty to "illegal possession of prohibited liquors" in Etowah County and was fined $500 for that offense; that the Mercury automobile being used was the property of one R. E. Hardy who had the reputation in Etowah County of being a bootlegger; that the 1953 Alabama registration plate for said automobile was purchased by one Joe Hollingsworth, a resident of Etowah County, Alabama, who had the reputation of being a bootlegger in Etowah County; that the automobile at the time of appellant's arrest carried a 1953 Idaho registration plate; that in the car were found registration plates from the states of Georgia and South Carolina; that the vehicle was equipped with booster springs and extra large tires to enable it to transport heavy loads.

It further appears from the evidence that Hardy and appellant arranged for a temporary exchange of automobiles a day or two before appellant's arrest. Hardy turned over to appellant his Mercury and appellant turned over to Hardy his Pontiac. The arrangement was that appellant was to return the Mercury to Hardy on the Monday following, that is, the day after appellant's arrest. There is further evidence that Hardy, in the Pontiac, was observed driving in close proximity to the Mercury at the time of the arrest. It is also established by the evidence that the shortest and best route from Vicksburg to Tallapoosa is not through Etowah County.

It seems to us that the evidence clearly justifies the inference that the destination of the liquors was Etowah County, Alabama, and not Tallapoosa, Georgia.

There were two claims filed against the automobile ordered condemned. Evidence was taken on these claims. Although they were not specifically denied by the trial court, the decree, in ordering condemnation, had the effect of denying them. This appeal is by Howard Boyce Eidson. Citation of appeal was made to the claimants. They have not appealed. Accordingly, appellant's assignments of error going to failure to allow these claims are not before us for decision.

The decree of condemnation is due to be affirmed. It is so ordered.

Affirmed.

LAWSON, MERRILL, and MAYFIELD, JJ., concur.