86 So.2d 849

**R. T. DAVIS**

v.

**STATE ex rel. Thomas C. PETTUS,**
**County Solicitor.**

8 Div. 827.

Supreme Court of Alabama.

April 12, 1956.

W. L. Chenault, Decatur, **for** appellant.

John Patterson, Atty. Gen., and J. Noel Baker, Asst. Atty. Gen., for appellee.

SIMPSON, Justice.

Suit by the State on relation of the Hon. Thomas C. Pettus as County Solicitor of Lawrence County against R. T. Davis, alias Herman A. Davis, and one 1952 Ford tudor automobile under the provisions of Code of Alabama, 1940, Title 29, § 247 et seq., to condemn the automobile.

The Associate Finance Corporation, Inc. as mortgagee intervened. The respondent, Davis, filed an answer to the bill denying the allegations. On the final hearing the court denied the petition of intervention and entered a decree condemning the automobile. The defendant, Davis, has brought this appeal. Intervenor does not appeal and has claimed no error with respect to the decree below.

Assignments of error numbered 1 through 6 being insufficiently argued will not be considered. Simpson v. Birmingham Electric Co., 261 Ala. 599, 75 So.2d 111.

Assignment No. 7 claiming error in the refusal of the trial court to grant the motion to exclude the evidence of the State is untenable. Civil rules of evidence apply in such condemnation proceedings. Riggs v. State ex rel. Jones, 217 Ala. 102, 115 So. 1. In such cases the rule in regard to a motion of the defendant to exclude all of the plaintiff's evidence is that the trial court will not be put in error for refusing the motion; nor will it be put in error for granting it if the evidence does not make out a prima facie case. Mount Vernon-Woodberry Mills v. Little, 222 Ala. 605, 133 So. 710; Dorough v. Alabama Great Southern R. Co., 221 Ala. 305, 128 So. 602; Mazer v. Brown, 259 Ala. 449, 66 So.2d 561; McMullen v. Daniel, 229 Ala. 194, 155 So. 687. The case of Langham v. State, 243 Ala. 564, 11 So.2d 131, relied on by appellant in support of his contention that the trial court erred in refusing to grant his motion to exclude is distinguishable from the case at bar in that the Langham case was a criminal proceeding.

The main argument for error is that the evidence was insufficient to support the finding that Davis used the automobile in the illegal transportation of liquors. The argument cannot be sustained if the circumstances shown warrant a reasonable inference to that effect. See Gibbs v. State, 259 Ala. 561, 67 So.2d 836; State ex rel. Seibels v. Farley, 206 Ala. 172, 89 So. 510; Kelley v. State, 219 Ala. 415, 122 So. 638.

■ It would serve no useful purpose to relate in detail the evidence showing illegal transportation, but on a careful reading of the record it is made quite clear that the evidence was sufficient to show that appellant, Davis, did use the automobile to transport moonshine whiskey from the home of one Susie May Stanley to a party by the name of Clack. Ten gallons of moonshine whiskey was found in Clack's smokehouse and Clack stated to the sheriff, in the presence of the appellant, that appellant brought the whiskey to his house in the car in question. The sheriff did not remember that appellant denied this accusation.

■ Under the well-known rule, that in a cause tried before the court on oral testimony the conclusions there attained will not be disturbed unless plainly contrary to the great weight of the evidence or the reasonable inferences deducible therefrom, the decree must be affirmed. Snyder v. State, 247 Ala. 278, 24 So.2d 266; State ex rel. Seibels v. Farley, supra; Cunningham v. State, 207 Ala. 51, 91 So. 886.

Affirmed.

LIVINGSTON, C. J., and GOODWYN and MERRILL, JJ., concur.