123 So.2d 130

**VESTAVIA COUNTRY CLUB**

v.

**Moses ARMSTRONG.**

**6 Div. 472.**

Supreme Court of Alabama.

July 14, 1960.

Rehearing Denied Sept. 15, 1960.

Wm. M. Acker, Jr., Smyer, White, Reid & Acker, Birmingham, for appellant.

Holt & Cooper, Birmingham, for appellee.

SIMPSON, Justice.

The bill of complaint was originally filed in this case on October 22, 1957. It averred that respondent had filed an ejectment action against complainant on October 5, 1956; that the sheriff made a return showing execution of the summons and complaint on complainant on October 15, 1956; that on January 9, 1957, complainant (there defendant) failing to appear, judgment was rendered against him by default in the following language: "Judgment by default with leave to prove damages". The bill next averred that on May 22, 1957, the court in which the ejectment action was pending made the following entry: "Dismissed for want of prosecution"; and that on June 4, 1957, without notice to defendant (complainant, appellee) the same court made the following entries: "Judgment of May 22, 1957, set aside" and "Judgment by default for Plaintiff vs. Defendant for the possession of the property sued for in the complaint and court costs. Plaintiff waives claim for damages for detention." The bill then averred that complainant had received no summons and complaint and no other notice of the ejectment action against him on or after October 15, 1956. It was further alleged that the appellee had a "meritorious defense" to the action in ejectment and was prevented from presenting the same because of the alleged false return by the sheriff and further because no notice was given him of the alleged setting aside of the "dismissal" of May 22, 1957. The final averment of the original bill was that a writ of restitution had been issued in the ejectment action demanding that the sheriff dispossess complainant and give respondent possession. The prayer of the bill asked that the court set aside the judgment in ejectment and enjoin respondent from proceeding with writ of restitution.

Demurrer to this original bill was sustained and complainant amended adding an averment that "he had a good and meritorious defense to the said action in case No. 37732–X, said good and meritorious defense being that complainant had had actual possession of the property involved in case No. 37732–X, which possession has been actual, exclusive, open, notorious, hostile, and continuous for a period of more than 31 years next preceding the filing of the complaint in case No. 37732–X, complainant claiming ownership for this period of time, and that no one has disturbed complainant's possession of said property during said period of time in any way whatsoever". It was further averred that complainant

had been "prevented from making a good and meritorious defense to the action in case No. 37732–X because of accident, fraud or mistake, unmixed with fault or negligence on his part and that he did not know that the said action was pending or judgment rendered thereon nor was he served with any notice of the pendency of said action". Respondent, appellant, refiled demurrers which were overruled. An appeal was taken from such ruling under the provisions of Title 7, § 755, Code of Alabama of 1940, and this court reversed the trial court and remanded the cause with leave of complainant to amend his complaint within thirty days. Vestavia Country Club v. Armstrong, 268 Ala. 334, 106 So.2d 178. The court, on the first appeal, pointed out that the bill as amended was defective in that it failed to allege that the complainant did not become aware of the judgment in the ejectment suit until after the expiration of thirty days from the day on which that judgment was rendered. The bill was thereafter amended to contain such an allegation. Demurrer was again interposed and upon submission was overruled. Respondent filed answer, evidence was taken, and a final decree entered setting aside the judgment entered in the ejectment action and enjoining respondent from proceeding with its writ of restitution. From this final decree this appeal is taken.

Appellant assigns as error the overruling of the demurrer last interposed to the amended bill and the entering of the final decree, as aforesaid.

■ Appellant argues that the trial court erred in overruling its demurrer to the bill as last amended in that it is not clear from the allegations which judgment is referred to in the averment that "complainant further avers that no notice of the filing or pendency of the ejectment suit, being case No. 37732–X, was given him, nor was he aware of the judgment in case No. 37732–X until after the expiration of more than thirty days from the day on which that judgment was rendered". It was noted in the opinion on the first appeal of this case, "As we understand the bill, it is the default judgment rendered on June 4, 1957, which this bill, filed on October 27, 1957, seeks to have vacated". This, we believe, is clearly shown by the bill. Indeed, the judgment entered January 9, 1957, was dismissed by entry of May 22, 1957. Appellant argues that this cannot be the case in that the trial judge had no power by virtue of Title 7, § 570, Code of 1940, to dismiss such judgment after the expiration of thirty days. (We presume appellant refers to § 119, Title 13, Code of 1940.) That statute, however, has reference to final judgments, not interlocutory judgments, of the kind entered here on January 9, 1957, which was in form as follows: "Judgment by default with leave to prove damages". We have formerly held that an order entering default judgment with leave to the plaintiff to prove damages is merely an interlocutory order, which could be set aside at any time until entry of judgment on assessment of damages. Ex parte Haisten, 227 Ala. 183, 149 So. 213. Appellant argues that this rule is applicable only to cases involving simple actions for damages and is inapplicable to an ejectment action carrying with it a separate claim of damages for the detention. With this contention we cannot agree. True, damages for detention is not essential to an ejectment action, but where such are claimed and a default judgment is entered with leave to prove the damages, such judgment is not final until the damages are either proved or waived.

Concurring with the opinion of the court, which, on the prior appeal, viewed the bill as one to vacate the judgment rendered on June 4, 1957, we turn now to the second point relied upon by appellant in brief, to the effect that the decree of the court is contrary to the evidence.

■ It is not disputed that the following is a correct statement of the law in cases of this sort:

"While a court of equity, or a law court acting under the four months statute—Section 9521—will set aside a judgment rendered without proper service against a party to the suit, yet to secure such relief the aggrieved party must both allege and prove that he has a meritorious defense, and that he was prevented by surprise, accident, mistake or fraud, without fault on his part, from interposing such meritorious defense to the action. He is required to allege and prove a meritorious defense for the reason that it would be idle and useless to set aside a judgment, when, so far as it is made to appear, the judgment rendered was correct, and on another trial a like judgment would be rendered. Ingram, Probate Judge, v. Alabama Power Co., supra [201 Ala. 13, 75 So. 304]; Barrow v. Lindsey, 230 Ala. 45, 159 So. 232; Fields v. Henderson, 161 Ala. 534, 535, 50 So. 56; McDonald v. Cawthorn [Cawhorn], 152 Ala. 357, 44 So. 395; Dunklin v. Wilson, 64 Ala. 162; Rice v. Tobias, 89 Ala. 214, 7 So. 765." Ex parte New Home Sewing Machine Co. (New Home Sewing Machine Co. v. Benson & Co.), 238 Ala. 159, 189 So. 874, 876.

And further:

"If he had such reasonable opportunity to apply to the trial court and have the judgment vacated for failure of notice, it was his duty to act upon it. The highest degree of diligence is exacted of a complainant in this situation; failing therein, he is without remedy in chancery. Ex parte Wallace, 60 Ala. 267; Norman v. Burns, 67 Ala. 248; Hendley v. Chabert, 189 Ala. 258, 65 So. 993. The diligence which will excuse failure to apply to the law court for redress must show that no reasonable opportunity to apply to that court came to the complainant, or that he was prevented by fraud from making such application.

Collier v. Parish, 147 Ala. 526, 41 So. 772; Foshee v. McCreary, 123 Ala. 493, 26 So. 309; Waldrom v. Waldrom, 76 Ala. 285, 291; Sims v. Riggins, [201 Ala. 99] 77 So. [393] 399. That is to say, the circumstances relied on to excuse failure to defend at law, or to apply to such court for relief, must have been such that no exercise of diligence on complainant's part could have guarded against the result from which relief is sought in equity. Ex Parte Wallace, 60 Ala. 267; Collier v. Falk, 66 Ala. 223; Norman v. Burns, 67 Ala. 248, 252." Barton v. Burton Mfg. Co., 202 Ala. 180, 79 So. 664, 666.

■■ The trial judge heard the evidence in this case. The issues were properly framed by the pleadings. He was convinced that the essential elements of the bill seeking to set aside the judgment entered on the law side had been made out and he entered a final decree granting the relief prayed. His findings are not to be disturbed by us unless palpably erroneous. We have studied the record carefully and find that there is abundant evidence that the appellee was not personally served with the summons and complaint in the ejectment action, and there is evidence that appellee did not know of the ejectment action until the sheriff's deputy came out with the writ of restitution which was not issued until July 22, 1957, manifestly more than thirty days after the judgment of June 4, 1957. There was also evidence to support the allegation contained in the bill to the effect that appellee had a meritorious defense to the ejectment action based upon prescription. The trial court was convinced that appellee had made out his case and entered a final decree accordingly. We will not substitute our judgment for his. Eidson v. State ex rel. Burns, 263 Ala. 281, 82 So.2d 218; Davis v. State ex rel. Pettus, 264 Ala. 233, 86 So.2d 849; Smith v. State ex rel. Sullinger, 265 Ala. 138, 90 So.2d 225; Hagan v. Crowley, 265 Ala. 291, 90 So.2d 760;

**298**

McBee v. McBee, 265 Ala. 414, 91 So.2d 675; Fidelity-Phenix Fire Ins. Co. v. Lawler, 38 Ala.App. 245, 81 So.2d 908.

Affirmed.

LIVINGSTON, C. J., and LAWSON and STAKELY, JJ., concur.

On Rehearing

SIMPSON, Justice.

The rehearing brief of appellant questions the soundness of the statement in the original opinion that the "judgment by default with leave to prove damages" was interlocutory.

As we read the cases, this is a correct statement of the law. It is inconceivable that there could be two final judgments in a single action at law. "It is not the practice of courts of law to dispose of causes piecemeal by rendering separate final judgments, at different times." Ex parte Mason, 213 Ala. 279, 104 So. 523, 524.

As we said in Ex parte Overton, 174 Ala. 256, 258, 57 So. 434:

> "But the limitation of 30 days is placed upon the power of the court to interfere with judgments which are final. Interlocutory judgments are as much under the control of the court as they ever were. The judgment by default was an interlocutory judgment. It is generally held that a final judgment cannot be entered where the damages are, as in this case, unliquidated, or the amount of plaintiff's claim uncertain or indeterminate. There must first be an interlocutory judgment by default, and the final judgment is entered after the damages have been assessed by a writ of inquiry or otherwise determined according to law."

The following cases either directly or by analogy support the conclusion that a judgment by default with writ of inquiry to ascertain the amount of plaintiff's damages is interlocutory until the writ of inquiry is executed and the damages assessed: Ex parte Richerzhagen, 216 Ala. 262, 113 So. 85, citing Ex parte Overton, 174 Ala. 256, 57 So. 434; Ex parte Bozeman, 213 Ala. 223, 104 So. 402; Blankenship v. Hail, 214 Ala. 95, 106 So. 594.

Opinion extended and application for rehearing overruled.

LIVINGSTON, C. J., and LAWSON and STAKELY, JJ., concur.