(77 South. 322)

MORAGNE v. STATE. (6 Div. 589.)

(Supreme Court of Alabama. June 7, 1917. Rehearing Denied Dec. 20, 1917.)

1. COMMERCE ☞61(1) — INTERSTATE TRANS-PORTATION—INTOXICATING LIQUORS.

The state prohibition statutes, as extended by Webb-Kenyon Act March 1, 1913, c. 90, 37 Stat. 699 (U. S. Comp. St. 1916, § 8739), are inapplicable to the transportation of intoxicating liquors through Alabama in transit from Georgia to Florida.

2. CERTIORARI ☞68—REVIEW—QUESTIONS OF FACT.

On certiorari proceedings from the Court of Appeals the Supreme Court is limited to questions of law, and cannot review findings of fact made by the trial court or the Court of Appeals.

3. COMMERCE ☞61(1) — INTERSTATE TRANS-PORTATION — CONSTITUTIONALITY OF STAT-UTE.

The prohibition statutes, if construed to prohibit the transportation of intoxicating liquors in transit from Georgia to Florida through Alabama, would be unconstitutional.

Gardner, J., dissenting.

Certiorari to Court of Appeals.

Frank Moragne, alias Frank Moriner, was convicted of unlawfully transporting intoxicating liquors, and his conviction was affirmed by the Court of Appeals (74 South. 862), and he brings certiorari. Writ awarded, judgment reversed, and cause remanded.

John W. Altman, of Birmingham, for appellant. W. L. Martin, Atty. Gen., and P. W. Turner, Asst. Atty. Gen., for the State.

MAYFIELD, J. Petitioner was convicted of violating the prohibition laws of this state by having in his possession a large quantity of liquors. His asserted defense was that his possession of the liquors was not unlawful or in violation of the prohibition statutes, for the reason that his connection with and possession of the liquors was solely as an interstate carrier, and that, while he and the liquors were thus in transit through this state from the state of Georgia to that of Florida, he was arrested by officers of the law under the alleged charge, and the intended delivery of the liquors to the owner in another state was thus prevented. The defendant was carrying the liquors, as above set forth, in an automobile, along the highways and public roads of this state, when arrested.

The trial court and the Court of Appeals, as we are informed by the opinion and judgment of the latter, held, as matter of law, that these facts, if true, constituted no defense; that the effect of our prohibition statutes, in connection with the federal statute known as the Webb-Kenyon Bill, is to make the carrying of such liquors along the high-ways of this state, though the carrying be, as shown in this case, merely through this state as a necessary part of an interstate routing, a violation of our prohibition statutes.

We are of the opinion that the Court of Appeals fell into error in so construing the state and federal statutes; that, if the facts were as stated by the Court of Appeals, then defendant was not guilty of the offense charged, because our state statutes in question do not apply, and were never intended to be applied, to such an interstate carrying or possession of such goods for the sole purpose of interstate transportation, nor was it the effect of the Webb-Kenyon Bill to extend our statutes to such cases. Were the holding of the Court of Appeals correct, then it would follow that there could not be an interstate shipment through this state along the public highways thereof from one person to another of more than two quarts of prohibited liquors, even though the shipping point and the point of delivery be in different states, and neither in this state.

[1, 2] We are of the opinion that the statutes in question, whether jointly or severally considered, do not effect such a result, and were never by the lawmakers intended to apply to interstate shipments where the liquors are merely passing through Alabama, and are not bought, sold, stored, or possessed here, except as a necessary incident of transportation. Husen's Case, 95 U. S. 465, 24 L. Ed. 527, and authorities cited. See, also, Rose's notes to this case.

It should be noted that this court cannot on this hearing review the finding of facts made by either the trial court or the Court of Appeals, but are limited on this review to questions of law; that is to say, the question of fact that the carrying of the liquors in question was a part of an interstate shipment was treated by the lower courts as being established—a question we cannot here review.

[3] To hold that our prohibition statutes apply to a case as stated by the Court of Appeals, and that the offense charged is made a crime against the laws of this state, would be to hold these statutes, so far as they relate to such shipments, unconstitutional and void. This we are not willing to do. The bona fides and truth of this carrying are, of course, questions to be submitted to the jury.

It results that the writ of certiorari must be awarded. And the judgment of the Court of Appeals is reversed, and the cause is remanded.

Certiorari awarded, judgment reversed, and cause remanded. All the Justices concur, except GARDNER, J., who dissents.

GARDNER, J. (dissenting). I think the opinion of the Court of Appeals is sound, and that it properly treats the question presented, and that the writ should be denied. I therefore dissent.