## UNITED STATES *v.* GUDGER.

ERROR TO THE DISTRICT COURT OF THE UNITED STATES FOR
THE WESTERN DISTRICT OF VIRGINIA.

No. 408. · Argued December 11, 1918.—Decided April 14, 1919.

The Reed Amendment, prohibiting the transporting of liquor in inter-
state commerce "into" any State the laws of which prohibit its
manufacture, etc., does not preclude its transportation through such
a State to another.

Affirmed.

THE case is stated in the opinion.

*Mr. Assistant Attorney General Frierson* for the United
States.

*Mr. Joseph S. Graydon,* with whom *Mr. Lawrence Max-
well* was on the brief, for defendant in error.

MR. CHIEF JUSTICE WHITE delivered the opinion of
the court.

Virginia being a State which prohibits the manufacture
or sale therein of intoxicating liquors for beverage pur-
poses, the defendant in error was indicted for having
transported into that State an enumerated quantity of
whisky in violation of the provision in § 5 of the Post
Office Appropriation Act of March 3, 1917, known as the
Reed Amendment. (39 Stat. 1058, 1069). For the pur-
poses of a motion to quash, the United States Attorney
furnished a bill of particulars of the evidence which the
Government intended to offer to sustain the indictment,
and the defendant also made admissions which were
recited in such bill. The motion to quash, as elucidated

by the bill of particulars, was granted on the ground that the statute, when rightly construed, did not embrace the acts charged. The United States prosecutes error.

The case stated by the court below is this:

"That the defendant was a passenger on a railroad train from Baltimore, Maryland, to Asheville, North Carolina, and that while the train was temporarily stopped at the station at Lynchburg, Virginia, he was arrested, his baggage examined, and it was found that he had in his valise some seven quarts or more of whisky. The particulars show clearly that the evidence will be that he had no intention of leaving the train at Lynchburg or at any other point in Virginia and that his sole intention was to carry the liquor with him into the State of North Carolina to be there used as a beverage."

In addition to these facts we observe that the bill of particulars contained this recital:

"The charge in the indictment that the defendant caused to be transported liquor to Lynchburg, in the State of Virginia, has no other foundation than the fact that he was arrested while the train was stopped at the railroad station in Lynchburg, Virginia, and while he was en route to Asheville, North Carolina."

The bill stated besides, that the accused was traveling on a through ticket from Baltimore to Asheville and return.

Under this state of facts we think the court was clearly right in quashing the indictment, as we are of opinion that there is no ground for holding that the prohibition of the statute against transporting liquor in interstate commerce "into any State or Territory the laws of which State or Territory prohibit the manufacture," etc., includes the movement in interstate commerce through such a State to another. No elucidation of the text is needed to add cogency to this plain meaning, which would however be reinforced by the context if there were need

to resort to it, since the context makes clear that the word "into," as used in the statute, refers to the State of destination, and not to the means by which that end is reached, the movement through one State as a mere incident of transportation to the State into which it is shipped.

The suggestion made in argument that although the personal carriage of liquor through one State as a means of carrying it beyond into another State violates the statute, it does not necessarily follow that transportation by common carrier through a State for a like purpose would be such violation, because of the more facile opportunity in the one case than in the other for violating the law of the State through which the liquor is carried, is without merit. In last analysis it but invites, not a construction of the statute as enacted, but an enactment by construction of a new and different statute.

*Affirmed.*