JONES et al. v. UNITED STATES.

(Circuit Court of Appeals, Sixth Circuit. May 6, 1919.)

No. 3218.

INTOXICATING LIQUORS ☞236(1)—INTERSTATE COMMERCE—TRANSPORTATION OF LIQUOR INTO PROHIBITION STATE.

> Proof that defendants loaded liquor into an automobile in Mississippi, and had carried it across into Tennessee, along the highway to Memphis, when arrested, *held* sufficient to sustain a conviction for violation of the Reed Amendment, although in following the road they were about to cross the line again into Mississippi; there being evidence to warrant a finding that their intended destination was Memphis.

In Error to the District Court of the United States for the Western District of Tennessee; John E. McCall, Judge.

Criminal prosecution by the United States against Sam Jones and Bennie Bryan. Judgment of conviction, and defendants bring error. Affirmed.

Ralph Davis, of Memphis, Tenn., for plaintiff in error.
Wm. D. Kyser, U. S. Atty., of Memphis, Tenn.

Before WARRINGTON, KNAPPEN, and DENISON, Circuit Judges.

DENISON, Circuit Judge. Because the facts of this case, in some respects, resembled those of United States v. Gudger, 249 U. S. 373, 39 Sup. Ct. 323, 63 L. Ed. 653, pending in the Supreme Court when this was argued, we have withheld opinion until that case should be decided. It was disposed of by that court on April 14, 1919, but we do not find therein anything controlling the peculiar facts now involved.

The respondents were indicted for violating the so-called Reed Amendment. Act March 3, 1917, c. 162, § 5, 39 Stat. 1069 (Comp. St. 1918, § 8739a). Tennessee is a state "the laws of which * * * prohibit the manufacture or sale therein of intoxicating liquors for beverage purposes." Laughter v. United States, 259 Fed. 94, —— C. C. A. —— (C. C. A. 6, January 17, 1919). The city of Memphis, near the southwestern corner of the state, is only a few miles north of the Tennessee-Mississippi line. The intoxicating liquor involved first appears in this record as located near the bank of the Mississippi river, in the state of Mississippi, and just south of the state line. It had probably been landed at this point from a river boat. Owing to the existence of lakes or old bayous, the usually traveled highway from this point to Memphis is circuitous. It runs northwesterly across the state line into Tennessee, then swings around a crescent and goes southwesterly back into Mississippi, and then around another curve northerly into Tennessee and to Memphis. The respondents went out at night, from Memphis, in an automobile, to the point where the

liquor was stored and loaded it into their machine. To justify the verdict, under the charge of the court, the jury must have found that the respondents then started back for Memphis, intending to follow this highway clear through, and not intending to stop at all in Mississippi, and there was evidence supporting this finding. While they were upon the crescent-shaped part of the road which was in Tennessee, and when just about to cross back into Mississippi, they were stopped and arrested and the liquor seized. Upon these facts, they were convicted in the court below; and they complain of the conviction because, they say, no offense named in the statute had been completed.

The statute was directed against those who "order, purchase or cause to be transported * * * into a state, etc." Apparently, "order" and "purchase" have to do merely with the precedent purpose, but "cause to be transported" pertains to the actual carrying of the liquor; and it may, at least for the purpose of this case, be conceded that the offense defined by these last words has not been committed until the liquor has actually been carried across the state line into the "dry" state. The most that can be said of the Gudger Case in its application here is that the spirit of the statute, and therefore the statute itself, is not infringed unless the "dry" state, which has been reached, is the state of intended final destination. In this case, Tennessee was the state of intended final destination; the liquor had in fact been transported in interstate commerce into that state, and hence both the spirit and the letter of the statute are satisfied; and we consider the guilt of the respondents to be clear.

Perhaps the severest test to which this conclusion can be subjected is to suppose that the respondents had continued, unmolested, southwesterly across the state line into Mississippi, and then, while passing through Mississippi, and before re-entering Tennessee, they had changed their minds and decided to sell the liquor in Mississippi or leave it permanently stored there. If prosecuted under these facts, they would doubtless claim the benefit of the rule that a crime is not complete so long as the opportunity for repentance exists; and they might suggest the application of the same rule here. We cannot think it to be applicable. The precise offense denounced in so many words by the statute was completed the moment the liquor was carried, for the first time, into Tennessee. The further question can only be as to its ultimate destination at that moment. When the actual transportation into and presence in the state and the intent that it should finally permanently remain in the state simultaneously existed, the offense was completed, and it was too late for repentance. We think the intent to make a further brief swing outside the state before coming to rest therein should be treated as merely incidental, and that what might have happened, but did not, to change the character of this outside step from something incidental to something substantial, is too remote to be important.

One of the respondents, Jones, was a laborer, incidentally hired by the other respondent. Whether Jones could rightly be said to have caused the liquor to be transported, and whether he can be said to have

aided and abetted Bryan within the meaning of section 332, are questions which are not raised by exception or assignment, and we do not find it necessary to consider them. Nesbit v. United States, 259 Fed. 103, —— C. C. A. —— (C. C. A. 6, March 5, 1919).

The judgments are affirmed.