### PREYER v. UNITED STATES.

(Circuit Court of Appeals, Fourth Circuit. July 23, 1919.)

No. 1726.

INTOXICATING LIQUORS ⊚⟶138 — REED AMENDMENT — TRANSPORTATION THROUGH STATE.

Conviction of transporting liquor into a state, in violation of the Reed Amendment (Comp. St. 1918, §§ 8739a, 10387a–10387c), will be reversed; trial having been under misconception that defendant could be convicted, though the liquor was merely being carried through the state.

In Error to the District Court of the United States for the Eastern District of South Carolina, at Charleston; Henry A. M. Smith, Judge.

Henry J. Preyer was convicted of violation of the Reed Amendment, and brings error. Reversed and remanded.

Before KNAPP and WOODS, Circuit Judges, and WADDILL, District Judge.

S. M. Wetmore, of Florence, S. C., for plaintiff in error.

J. Waties Waring, Asst. U. S. Atty., of Charleston, S. C. (Francis H. Weston, U. S. Atty., of Columbia, S. C., on the brief) for the United States.

KNAPP, Circuit Judge. Preyer was indicted for transporting liquor into the state of South Carolina in violation of the Act of Congress of March 3, 1917 (39 Stat. 1069, c. 162 [Comp. St. 1918, §§ 8739a, 10387a–10387c]), known as the Reed Amendment. The jury found him guilty and sentence followed. At the time of his trial it was apparently assumed by the court below, as well as by counsel on both sides, that he could be convicted, if the evidence otherwise

warranted, although the liquor found in his possession was being carried to Florida, and not to South Carolina. In consequence no issue was raised as to the destination of the liquor and the attention of the jury was not directed to that question. Since then the Supreme Court has held, in United States v. Gudger, 249 U. S. 373, 39 Sup. Ct. 323, 63 L. Ed. 653, decided April 14, 1919, that the Reed Amendment does not prohibit the transportation of liquor through a "dry" state into another state. It results, therefore, that Preyer did not commit the offense charged in the indictment, if he was in fact taking the liquor to Florida, and the meager testimony of record might permit the inference that this is what he was doing. The government's only witness says he was the head porter of a sleeping car in "an interstate train running from New York City to Jacksonville, Florida," and nothing else appears as to the intended destination of the liquor in question.

In view of the misconception under which Preyer was tried, and the lack of any substantial proof that the liquor he had with him was destined to South Carolina, we think it would be manifestly unjust to allow his conviction to stand. The judgment is accordingly reversed and the cause remanded, with instructions to grant a new trial.

Reversed.