## WHITING v. UNITED STATES.

(Court of Appeals of District of Columbia. Submitted January 6, 1920.
Decided February 2, 1920.)

### No. 3308.

1. CRIMINAL LAW ⬳814(3)—INSTRUCTION REGARDING FACTS IN OTHER CASES ERRONEOUS.

In a prosecution for violating the Reed Amendment, as extended to apply to the District of Columbia (Comp. St. Ann. Supp. 1919, §§ 8739a, 10387a–10387c, 10387ee), by bringing into the District whisky in half-pint bottles, an instruction that in practically all bootlegging cases tried in that court the whisky was found in half-pint bottles, and that the jury might take such fact into consideration in determining the present case, was prejudicial error, where there was no evidence regarding the facts shown in other cases.

2. INTOXICATING LIQUORS ⬳138—REED AMENDMENT NOT VIOLATED BY TRANSPORTING INTOXICANTS THROUGH DISTRICT.

The Reed Amendment as extended to apply to the District of Columbia (Comp. St. Ann. Supp. 1919, §§ 8739a, 10387a–10387c, 10387ee), is not violated by a person transporting whisky from Baltimore, through the District, to his home in Virginia, for his personal use.

In Error to the Police Court of the District of Columbia.

Orion T. Whiting was convicted of bringing intoxicating liquors into the District in violation of the Reed Amendment, and brings error. Reversed, with directions to grant new trial.

A. W. Scott and R. A. Hughes, both of Washington, D. C., for appellant.

J. E. Laskey, U. S. Atty., and Morgan H. Beach, Asst. U. S. Atty., both of Washington, D. C.

SMYTH, Chief Justice. This case is here on a writ of error to the Police Court. Whiting was convicted of violating the Act of Congress of March 3, 1917, known as the Reed Amendment (39 Stat. 1069, 40 Stat. 1151), by bringing into the District of Columbia intoxicating liquors. Several errors are assigned by him, but we pass upon only one.

[1] The defendant contended that the liquor found in his possession was being transported by him through the District to his home in Virginia for his personal use. Upon this point the court instructed the jury as follows:

"In this case there is a large number of half-pint bottles of whisky, to wit, 310, and it is not improper for me to call your attention to the fact that, in practically all bootlegging cases which come into this court, the whisky found in possession of the defendants is in half-pint bottles, and it is proper for you to take that fact into consideration in determining whether this whisky was being brought into the District for the purpose of being sold, or whether it was being carried into Virginia to the home of the defendant for his personal use."

There was no evidence whatever "that in practically all bootlegging cases" which came before the court the whisky found in possession of the defendants was in half-pint bottles, yet the court instructed the

⬳For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

jury that such was a fact, and that it was proper for the jury to take "that fact into consideration in determining" the case. This was prejudicial error.

[2] In passing, we may say that there is a question in our minds as to whether or not there was sufficient evidence that the District was the destination of the liquor. Whiting testified that he was engaged in the express and hauling business in Washington, and had been so engaged for the past 15 years; that he lived in Virginia, near Falls Church, and at the time of his arrest was taking the whisky from Baltimore, through the District, to his home, for his personal use. He was corroborated by two witnesses. If he told the truth, he had not violated the law under which he was being prosecuted. United States v. Gudger, 249 U. S. 373, 39 Sup. Ct. 323, 63 L. Ed. 653. The only thing relied upon by the government to overcome the testimony in his behalf was the fact that he at the time of his arrest was in the express business in Washington, and had in his possession a business card and a motor operator's permit, which recited that his residence was in Washington. When the card was printed or the permit issued does not appear. Is this evidence enough to support a verdict that the destination of the liquor was not Virginia, but some point in the District of Columbia? While not deciding the matter, we think it proper to indicate our doubt concerning it. Even in liquor cases verdicts cannot be upheld unless there is some competent evidence to support them.

The judgment is reversed, with directions to grant a new trial.

Reversed.