(86 South. 214)

BROWN v. STATE. (8 Div. 641.)

(Court of Appeals of Alabama. April 6, 1920.)

1. CRIMINAL LAW ☞995(3)—JUDGMENT ENTRY DID NOT LIMIT CHARGE TO SELLING LIQUOR TO RESTRICTED SENSE—"SELLING LIQUOR."

Entry in judgment reciting that defendant was tried on a complaint "for selling liquor" did not limit the charge to that offense in a restricted sense, but embraced all the various charges in the statutes for a violation of the prohibition laws as set out in the complaint, including "keeping for sale."

2. INTOXICATING LIQUORS ☞238(4)—WHETHER DEFENDANT HAD WHISKY FOR UNLAWFUL DISPOSITION QUESTION OF FACT, NOTWITHSTANDING TESTIMONY OF DEFENDANT.

Where testimony in a prosecution for violating the prohibition law showed that defendant lived in Georgia, drove his car to Kentucky, and there purchased quantities of whisky and was returning with it to Georgia, when arrested while passing through Alabama, it was a question of fact for the trial court, sitting without a jury, as to whether or not defendant had the whisky for unlawful disposition, although defendant and another with him testified that he was only passing through the state with the whisky to "bootleg" it in Georgia, in view of Acts 1915, p. 554, § 3, making possession of whisky prima facie evidence that it was had for unlawful disposition.

3. CRIMINAL LAW ☞413(1) — DECLARATION OF DEFENDANT SELF-SERVING.

In a prosecution for a violation of the prohibition law, a statement by defendant that he intended to "bootleg" it in another state was a self-serving declaration, not admissible in evidence.

4. INTOXICATING LIQUORS ☞236(5)—ACT REGARDING PRIMA FACIE CASE WHEN POSSESSION OF LIQUOR IS SHOWN CREATES PRESUMPTION OF LAW.

Acts 1915, p. 554, § 3, making possession of liquor prima facie evidence that defendant had it for unlawful disposition, creates a presumption of law, which rebutting evidence does not nullify or destroy; such presumption of guilt being an evidentiary fact for consideration in determining the guilt or innocence of the defendant.

Appeal from Inferior Criminal Court, Madison County; J. W. B. Hawkins, Judge.

James F. Brown was convicted of violating the prohibition law, and he appeals. Affirmed.

The complaint contained five counts, each charging an offense denounced by the statutes as a violation of the prohibition law. The judgment entry recites:

"And the defendant being arraigned in open court upon a complaint for selling liquor, and for his plea thereto says that he is not guilty."

The facts seem to be that the defendant lived in Atlanta, Ga., and drove his car to Louisville, Ky., where he purchased quantities of whisky and was returning with it to Atlanta to sell it, but while passing through Huntsville, in this state, was arrested. He testified that he had not sold any whisky, or offered any for sale, in Alabama.

R. E. Smith, of Huntsville, for appellant.

The court erred in finding the defendant guilty of selling liquor. 15 Ala. App. 216, 72 South. 769; 63 L. Ed. 424; Robinson v. State, post, p. 697, 86 South. 927.

J. Q. Smith, Atty. Gen., and Lamar Field, Asst. Atty. Gen., for the State.

The cases relied on by appellant have been overruled by the Supreme Court. The facts made it a jury case, and the finding will not be disturbed, unless clearly erroneous. Ante, p. 12, 81 South. 348.

SAMFORD, J. [1] The fact that the judgment entry recites that the defendant was tried on a complaint "for selling liquor" does not limit the charge to that offense in a restricted sense, but embraces the various charges in the statutes for a violation of the prohibition laws as set out in the complaint, which in this case embraces all of the charges under the prohibition law, including "keeping for sale." This court entertained a different view of the law until the decision of the Supreme Court in Ex parte State (8 Div. 207) 204 Ala. 1, 86 South. 213.

[2-4] The evidence in this case shows that the defendant was found in this state in possession of 118 quarts and 85 pints of whisky. Under section 3 of an act of the Legislature approved September 25, 1915 (Acts 1915, p. 554), this was prima facie evidence that the defendant had the whisky for unlawful disposition, and although the defendant and the party with him testified that he was only passing through the state with the whisky to "bootleg" it in the state of Georgia, it remained a question of fact, to be determined by the court, sitting without a jury, as to whether this was true. That the defendant had the whisky in his possession for illegal purposes was admitted; that he said he intended to "bootleg" it in another jurisdiction was a self-serving declaration, not admissible in evidence, and without which there was no evidence that the whisky was to be carried

out of the state, other than the bare fact that defendant lived in Atlanta, had gone from there to Louisville, Ky., and that, after buying the whisky, he had come from Louisville to Huntsville. In Maisel v. State, 81 South. 348,[1] this court differentiated the effects between presumptions of law and presumptions of fact. The rule there laid down is applicable here. There was in this case no evidence of a through bill of lading, as was the fact in Moragne's Case, 201 Ala. 388, 78 South. 450; and Gudgers' Case, 249 U. S. 373, 39 Sup. Ct. 323, 63 L. Ed. 653. The question of fact was for the trial court, and this court would not be justified in disturbing its findings.

There is no reversible error in the record, and the judgment is affirmed.

Affirmed.