## HAUMSCHILT *v.* STATE OF TENNESSEE.

### (*Jackson.* April Term, 1920.)

1. **COMMERCE.** Transportation across state can be forbidden only if use at destination was illegal.

The State can forbid and punish the transportation of intoxicating liquor across the State and into another State only in case the proposed use in the State into which it was to be taken was contrary to law there, so that the transportation was deprived of the protection of the commerce clause of the federal Constitution by Webb-Kenyon Act (Comp. St. sec. 8739). (*Post, pp.* 522, 523.)

Cases cited and approved: Kelly v. Rhoads, 188 U. S., 1; Bowman v. C. & N. W. R. Co., 125 U. S., 465; Rhodes v. Iowa, 170 U. S., 412; Austin v. State, 101 Tenn., 563.

Constitution cited and construed: Art. 1, sec. 8, subd. 3.

2. **CRIMINAL LAW.** Courts cannot judicially know the statutes of another state.

Courts cannot judicially know the statutes of another State, so that a conviction for transporting liquor, which was intended to be taken into another State, cannot be sustained, in the absence of evidence of a statute of the latter State making the intended use of the liquor in that state unlawful. (*Post, p.* 523.)

Case cited and approved: United States v. Gudger, 249 U. S., 373.

---

### FROM TIPTON.

---

Appeal from the Circuit Court of Tipton County.— Hon. R. B. BAPTIST, Judge.

TIPTON & TIPTON, for plaintiff in error.

WM. H. SWIGGART, JR., Assistant Attorney-General, for the State.

Mr. Justice Green delivered the opinion of the Court.

The plaintiff in error was convicted for the illegal transportation of intoxicating liquor from one point to another within the State, in violation of chapter 12 of the Acts of 1917, and has appealed in error to this court.

He was apprehended while passing through Tipton county, in an automobile loaded with whisky. Upon the trial he testified that he had purchased this whisky in Missouri and was passing through Tennessee on his way to Mississippi, in which latter State he intended to sell the whisky.

The trial judge instructed the jury that if the defendant below brought whisky in an automobile from another State to Richardson's Landing, in Tipton county, Tenn., and drove the automobile containing such whisky off the ferryboat to any point in Tipton county, Tenn., he would be guilty as charged in the presentment, and that this would be true, whether he was going to Mississippi as the destination of his journey or not.

It is conceded by the attorney-general that this instruction was material, and that it cannot be treated as a harmless error, if an error at all.

An able argument is made by the attorney-general to sustain the propriety of the charge of the court.

We do not undertake any review of the decisions of the supreme court of the United States, nor any extended discussion of the commerce clause of the federal Constitution (article 1, section 8, subd. 3), since this court is not a final arbiter of questions arising thereupon.

We think the propriety of the instruction depends on whether or not it was legal under Mississippi statutes to sell whisky in that State. If it was legal to bring whisky into Mississippi for sale, we do not think that the journey of the plaintiff in error from Missouri across the State of Tennessee could have legally been interrupted or penalized by our officers or courts. *Kelley* v. *Rhoads,* 188 U. S., 1, 23 Sup. Ct., 259, 47 L. Ed., 359; *Bowman* v. *Chicago & N. W. R. Co.,* 125 U. S. 465, 8 Sup Ct., 689, 31 L. Ed., 700; *Rhodes* v. *Iowa,* 170 U. S., 412, 18 Sup. Ct., 664, 42 L. Ed., 1088.

On the other hand if it was not lawful to sell whiskey, in Mississippi, then we think such liquor while in transit for such purpose was deprived of the protection of the commerce clause of the federal Constitution, by reason of the provisions of the Webb-Kenyon Act, 37 Stat., 699, chapter 90, U. S. Comp. St. section 8739).

This transaction occurred prior to the Federal Wartime Prohibition Act (40 Stat., 1045), the Eighteenth Amendment, and the Volstead Act (11 Stat., 305). At that time such transporation of liquor from one State to another State in which it could lawfully be sold was legitimate interstate commerce.

The Webb-Kenyon Act divests intoxicating liquors of their interstate character, as we understand it, when they are being shipped into a State to be received, possessed, sold or in any manner used in violation of the law of that State. In other words, such liquors, when in transit to such a State, are not legitimate articles of commerce, and are subject to the laws of the States into which they are brought or through which

they pass. That the law of the State controls in such cases fully appears from *Austin* v. *State*, 101 Tenn., 563, 48 S. W., 305, 50 L. R. A., 478, 70 Am. St. Rep., 703, and the supreme court decisions therein reviewed.

Now we cannot judicially know what the statutes of Mississippi were. If it should develop on a subsequent trial that the sale of intoxicating liquor in Mississippi was illegal then we think that defendant was not protected by the commerce clause of the federal Constitution while passing through Tennessee with such liquors, but was subject to the Tennessee laws against the transportation of liquor within the boundaries of this State. On the other hand, if it should develop that there was no statute of Mississippi prohibiting the use of the whisky in that State to which defendant intended to put his liquor when he arrived there we think as stated before, that he was not amenable to the Tennessee Transportation Act while pursuing his journey through this State. We think this conclusion is borne out by the decision of the supreme court of the United States in *United States* v. *Gudger*, 249 U. S., 373, 39 Sup. Ct., 323, 63 L. Ed., 653, and other cases. The decision in the Gudger Case, while construing the Reed Amendment (U. S. Comp. St. sections 8739a, 10387a-10387c), and not the Webb-Kenyon Act, is in point, since the language of these two federal enactments is quite similar.

For the reason stated, this case must be reversed and remanded for a new trial.