## UNITED STATES v. WILSON.

(District Court, E. D. Tennessee, S. D.    June 3, 1920.)

### No. 4292.

**Prostitution ⟨key⟩1—White Slave Traffic Act; transportation between points in same state through another state not violation of "interstate commerce."**

Transportation of a woman from a point in a state to another point in the same state is not an interstate transportation, within the meaning of White Slave Traffic Act June 25, 1910, § 1 (Comp. St. § 8812), because the route taken incidentally passes through another state.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Interstate Commerce.]

Criminal prosecution by the United States against C. R. Wilson. Judgment of conviction set aside.

The defendant was indicted on the charge of violating the White Slave Traffic Act, tried, found guilty, and judgment of imprisonment rendered. No question was made, before or at the trial, but that the transportation of the woman alleged and proved was an interstate transportation within the meaning of the act. Shortly thereafter, this question having arisen in the mind of the court, a memorandum was handed down requesting counsel to submit briefs on the question whether, on account of insufficiency of the indictment in this respect, the judgment should not be set aside and arrested by the court upon its own motion.

W. T. Kennerly, U. S. Atty., of Knoxville, Tenn.
J. H. Daly, of Chattanooga, Tenn., for defendant.

SANFORD, District Judge. I have carefully considered the briefs filed in response to the request contained in my memorandum of May 22, 1920.

The indictment alleges that the woman in question was "transported in interstate commerce from Nashville, Tennessee, through the State of Tennessee and the State of Alabama by way of Stevenson, Alabama, and into Hamilton County, Tennessee, over the lines of the Nashville, Chattanooga & St. Louis Railroad Company." In other words, it merely charges the transportation from one point in Tennessee to another point in Tennessee, as the points of origin and destination, respectively, with an intermediate and incidental carriage, enroute, through Alabama.

Generally speaking interstate commerce includes a continuous transportation from a point in one State to another point in the same State, partly by way of another State. Hanley v. Kansas City Ry., 187 U. S. 617, 23 Sup. Ct. 214, 47 L. Ed. 333, affirming Kansas City Ry. v. Railroad Commissioners (C. C.) 106 Fed. 353; United States v. Erie Railroad (D. C.) 166 Fed. 352, 354.

However, the White Slave Traffic Act specifically provides that the words "interstate commerce," as used in the Act, shall "include trans-

portation from any State or Territory * * * to any other State or Territory." Act of June 25, 1910, c. 395, § 1, 36 Stat. 825 (Comp. St. § 8812). This definition necessarily excludes, by implication, transportation from one point in a State to another point in the same State; the words "from" and "to" as used in the Act manifestly referring to two different States or Territories as the respective points of origin and final destination of the transportation, and not to a State through which the woman is carried as a mere incident of the through transportation. See, by direct analogy, United States v. Gudger, 249 U. S. 373, 375, 39 Sup. Ct. 323, 63 L. Ed. 653, and Jones v. United States (6th Circ.) 259 Fed. 104, 106, 170 C. C. A. 172, involving a construction of the word "into" as used in the Reed Amendment (Comp. St. 1918, Comp. St. Ann. Supp. 1919, §§ 8739a, 10387a–10387c). Hence, as the indictment merely charges transportation of the woman from one point to another in Tennessee, through Alabama, and does not charge that she was transported from Alabama as the point of origin to Tennessee, it necessarily follows that it does not state a case of transportation in interstate commerce, as defined in the White Slave Traffic Act.

And I may add that the proof showed that the transportation was in fact, as alleged, one from Nashville, Tennessee, to Chattanooga, Tennessee, with a merely incidental passage through Alabama, and not a transportation from Alabama to Tennessee within the meaning of the Act.

It hence becomes my duty, upon my own initiative, to adjudge the indictment insufficient, under the true construction of the statute on which it is based, and to set aside the judgment rendered against the defendant and arrest judgment under the indictment; and it will be so ordered.