176 So. 805

# HILL v. STATE.

## 7 Div. 267.

Court of Appeals of Alabama.

June 29, 1937.

Rehearing Denied Oct. 5, 1937.

Haralson & Crawford, of Ft. Payne, for appellant.

A. A. Carmichael, Atty. Gen., and Silas C. Garrett, III, Asst. Atty. Gen., for the State.

RICE, Judge.

Appellant was apprehended on a main highway in DeKalb county, Ala., driving an automobile containing about 100 gallons of whisky in sealed bottles and jugs, most of which were in cases but some loose in the car. It was all bonded whisky.

Appellant admitted the possession of the whisky, but contended he was en route from Somerset, Ky., to Jacksonville, Fla., with it; and offered some evidence to that effect—it being his contention that the whisky was an interstate shipment, originating in Kentucky, and destined to no point in Alabama.

Upon his trial, and at the conclusion of the testimony, showing the above facts, the trial judge gave to the jury at the request of the solicitor the general affirmative charge to find appellant guilty—he being indicted and on trial for the offense of transporting "in quantities of five gallons or more any of the liquors or beverages, the sale, possession or transportation of which is * * * prohibited by law." Code of 1928, § 4717(1), Gen.Acts Ala.1927, p. 704.

The decisive question, here, is as to whether or not the trial judge erred in giving said general affirmative charge for the state—it being pretty clear that there was no error in refusing to give to the jury at appellant's request the general affirmative charge to find him not guilty.

We are of the opinion expressed by the Supreme Court in the case of Moragne v. State, 200 Ala. 689, 77 So. 322, L.R.A. 1918E, 948, that "our state statute(s) [instantly, Gen.Acts Ala.1927, pp. 704, 705] do[es] not apply, and were[was] never intended to be applied, to * * * an interstate carrying or possession of such goods for the sole purpose of interstate transportation."

Of course, "interstate transportation" may be "by automobile and over the public highways" as well as by any other method. Moragne v. State, 201 Ala. 388, 78 So. 450, 451. And see U. S. v. Simpson, 252 U.S. 465, 40 S.Ct. 364, 64 L.Ed. 665, 10 A.L.R. 510.

If, indeed, appellant did have the whisky in possession merely in "interstate commerce," he should have been acquitted. Authorities hereinabove cited. And we think the question of whether or not this was so should have been, under the evidence adduced, submitted to the jury.

For the error in giving to the jury the general affirmative charge to find in favor of the state, the judgment is reversed and the cause remanded.

Reversed and remanded.