187 So. 872

## HILL v. STATE.

### 7 Div. 397.

Court of Appeals of Alabama.
Feb. 21, 1939.

Rehearing Denied March 7, 1939.

Haralson & Crawford, of Fort Payne, and John R. Robinson, of Ashville, for appellant.

Thos. S. Lawson, Atty. Gen., and John J. Haynes, Asst. Atty. Gen., for the State.

BRICKEN, Presiding Judge.

On the former appeal in this same case, 27 Ala.App. 573, 176 So. 805, this court put the trial court to error in giving the affirmative charge for the State, holding, as we did, that under the conflicting evidence the trial court was without authority to direct a verdict either for the State or for the defendant. The cause was accordingly reversed and remanded; and this appeal is from a judgment of conviction upon the second trial.

So far as we are able to ascertain, the facts adduced upon the second trial were practically the same as those appearing upon the first trial. The principal insistence upon the present appeal is, the court erred in refusing to defendant the general affirmative charge requested.

As to this insistence we reiterate what we said before, the evidence in the case was in conflict and presented a jury question. In following the former decision of this court, the trial court on this trial committed no error in refusing to defendant the general affirmative charge.

The evidence without dispute discloses that this appellant, on the occasion in question, was caught and arrested for transporting more than one hundred gallons of prohibited liquors upon the public highway in DeKalb County. The defendant contended that it was an interstate transaction. That he was transporting the liquor from a point in the State of Kentucky, to a point in the State of Florida. He exhibited a bill of sale of the liquor from a wholesale house in Kentucky, to a certain firm in the State of Florida. This was, on its face, no bill of lading, as contended by defendant, but even had it been, the bona fides thereof would, like all other questions of fact, have been a question for the determination of the jury.

There was no error of the court in overruling the demurrers to the indictment. Nor was there any reversible error in the ruling of the court upon the admission of testimony. The motion for a new trial was likewise properly overruled. The record being regular, and no reversible error apparent, the judgment of conviction from which this appeal was taken will stand affirmed.

Affirmed.