McCanless, Commissioner of Finance and Taxation, *v.* Graham.

Same *v.* Lee.

Same *v.* Malvezzi.

Same *v.* Castleman.

(*Nashville*, December Tenn., 1940.)

Opinion filed January 11, 1941.

ERNST F. SMITH, Assistant Attorney-General, for appellant McCANLESS, Commissioner.

BRYAN & MAXWELL, and JOHN T. SHEA, all of Memphis, and R. W. THOMPSON, JR., of Gulfport, Miss., for appellees Graham et al. ·

MR. JUSTICE McKINNEY delivered the opinion of the Court.

These four causes were consolidated for hearing and involve similar facts. We shall only dispose of the first cause since what we say with respect to it controls the disposition of the other three.

Appellee, Grover Graham, is a resident of Biloxi, Mississippi. He was licensed by appellant to transport alcoholic beverages in and through the State of Tennessee.

This cause was tried on a stipulation of facts, the pertinent provisions of which are as follows:

14. "On July 17, 1939, the petitioner was operating a Ford truck bearing motor No. 4747887 and Tennessee license No. 47-816, and one International truck with Nabors trailer, bearing motor No. 6004 and Tennessee license No. 47-911, loaded with the liquor shown on the invoices carried by the drivers of said trucks through Dyer County, Tennessee, when the said trucks were seized at Dyersburg, by the State Police, acting under

the directions and orders of the Commissioner of Finance and Taxation.''

15. ''The said trucks were bound from Cairo, Illinois, to Biloxi, Mississippi, and were not to be stopped or unloaded, in whole or in part, at any point in the State of Tennessee, but were to traverse without unloading through the State of Tennessee into the State of Mississippi, passing through wet and dry counties in Tennessee.''

It is further stipulated that said liquor was being transported to Biloxi for the purpose of being sold in violation of the statutes of Mississippi.

We think the chancellor was correct in holding that this liquor was not contraband within the meaning of Chapters 49 and 194 of the Public Acts of 1939 since those Acts are limited to the ''manufacture, sale, receipt, possession, storage, transportation and distribution of, and traffic in, alcoholic beverages, in counties and municipalities of this State.'' The purpose of the Legislature was to make it unlawful to commit such acts in Tennessee, and not to regulate the liquor traffic in other states. It is stipulated that these trucks were transporting intoxicating liquors from Cairo, Illinois, to Biloxi, Mississippi, and in doing so were passing through Tennessee without stopping or unloading, in whole or in part; and the Department of Finance and Taxation had issued a license or permit to appellee for that very purpose. Manifestly, therefore, the only act engaged in by appellee which can in any wise be related to these statutes is that of transporting intoxicating liquors through dry counties of Tennessee. But, under the stipulation, this was a mere incident of interstate transportation, and if the statutes should be construed so as to prohibit such transportation, they would be void because violative of the commerce

clause of the United States Constitution, art. 1, sec. 8, clause 3. It is the duty of the court, if possible, to so construe a statute as that it will not violate the constitution. *Bank of Commerce & Trust Co.* v. *Senter*, 149 Tenn., 569, 260 S. W., 144; *Turner* v. *Eslick*, 146 Tenn., 236, 247, 240 S. W., 786.

We are further of the opinion, as was the chancellor, that the seizure was illegal because appellee was engaged in interstate commerce. Under the decisions of the Federal courts alcoholic beverages retain their interstate commerce character until they actually enter the forbidden state. *United States* v. *Gudger*, 249 U. S., 373, 39 S. Ct., 323, 63 L. Ed., 653; *Collins* v. *United States*, 5 Cir., 263 F., 657; *Whiting* v. *United States*, 49 App. D. C., 225, 263 F., 477; *Preyer* v. *United States*, 4 Cir., 260 F., 157; *Surles* v. *Commonwealth*, 172 Va., 573, 200 S. E., 636.

In *Haumschilt* v. *State*, 142 Tenn., 520, 221 S. W., 196, the court, *arguendo*, expressed a contrary view. That case, however, was properly reversed because there was no evidence that the sale of intoxicating liquor was illegal in Mississippi, the state to which it was being transported from Missouri.

The decrees of the chancellor in all four causes must be affirmed.