9 So.2d 267

**BARNETT v. STATE ex rel. MILNER,**
**Solicitor of Circuit Court.**

**6 Div. 51.**

Supreme Court of Alabama.
Nov. 12, 1942.

H. F. Case, of Quitman, Miss., and Geo. O. Miller, of Livingston, for appellant.

Wm. N. McQueen, Atty. Gen., for appellee.

BOULDIN, Justice.

The appeal is from a decree of condemnation under our prohibition laws. The subject of condemnation was a motor truck and cargo of intoxicating liquors. Without dispute the articles condemned were the property of appellant, and were seized by the sheriff while the vehicle was being used to transport liquors over a highway in Pickens County, Alabama, by defendant's agents, employed for the purpose. Without more, this made a case for condemnation and disposition pursuant to the laws of Alabama. Tit. 29, Sec. 209 et seq., Code 1940.

The defense set up was that the movement was in course of interstate transportation through Alabama from a point in another state.

The trial court made a finding of facts, fully supported by evidence, to this effect:

This appellant, J. W. Barnett, a resident of Vossburg, Mississippi, purchased a large assortment of liquors from a dealer in Cairo, Illinois, to be transported from Cairo to Vossburg, and sent his truck to Cairo for that purpose. When seized the truck was accompanied by three men, co-

respondents, who do not appeal, all employees of appellant. One was driving and two were in an automobile trailing the truck. They were en route from Cairo to Vossburg. By accident the truck was overturned and the movement delayed at a point some miles before reaching the point of seizure, but no liquors were disposed of in violation of the laws of Alabama.

The trial court, over objection of respondent, admitted testimony of respondents, themselves, that Mississippi is a dry state, and these liquors were being imported into that state to be there bootlegged in violation of the laws of Mississippi. The trial court, as disclosed by his opinion, took the view that transportation of liquors through a dry county in Alabama to a point in an adjoining dry state, there to be disposed of in violation of the laws of the latter state, is unlawful; that such liquors and the vehicle transporting them are not entitled to the immunity afforded to lawful interstate commerce while passing through Alabama, and, therefore, subject to the seizure and condemnation laws of Alabama.

Section 2 of Amendment 21 to the Constitution of the United States reads: "The transportation or importation into any State, Territory, or possession of the United States for delivery or use therein of intoxicating liquors, in violation of the laws thereof, is hereby prohibited."

This section, effective since 1933, writes into the Constitution a national policy declared in 1913 by the Webb-Kenyon bill to like effect. 27 U.S.C.A. § 122. Touching this Amendment we quote from 30 Am.Jur. p. 376, § 232, as follows: "The introduction of intoxicating liquor into one state from another state can be effected only through transportation in interstate commerce, and prior to any Federal grant of authority giving a state the right to regulate or place restrictions upon the introduction of liquor into the state from another through interstate commerce, or forbidding the transportation or importation of intoxicants into a state in violation of its laws, the commerce clause of the Federal Constitution operated as a restriction upon the power of the state in this regard."

Speaking of the Twenty-first Amendment in the same section, it is said: "Its evident purpose is to withhold from Congress, on the repeal of the Eighteenth Amendment, the power to restore the status which existed before the passage of the Webb-Kenyon Act. As a matter of precaution, the Webb-Kenyon Act has been re-enacted verbatim."

See, also, 30 Am.Jur. p. 267, § 26.

We quote from 15 C.J.S., Commerce, p. 452, § 99, as follows: "As noted supra § 6, the Twenty-First Amendment limits and qualifies the commerce clause of the constitution; and while it does not entirely remove intoxicating liquors from the protection of the commerce clause, it does have this effect as to their importation into a state in violation of its laws. In view of this amendment, or both the amendment and the Webb-Kenyon Act, many state laws pertaining to intoxicating liquors have been held not invalid as violating the commerce clause of the federal constitution. However, the amendment recognizes no right in the state to enact laws concerning liquor shipped through the state; and a state law is invalid as imposing a direct burden on interstate commerce to the extent that it applies to interstate shipments through the state of liquors not to be delivered or used therein."

The purpose being to prevent the breakdown of state prohibition laws by importations of liquors into the state through interstate commerce, these laws are generally held to mean that intoxicating liquors remain the subject of interstate commerce until they enter the state where they are to be used or disposed of in violation of the state law.

The late case of Duckworth v. State of Arkansas, 314 U.S. 390, 62 S.Ct. 311, 86 L.Ed. 294, 138 A.L.R. 1144, recognizes the right of the state to enact reasonable police regulations safeguarding the movement of intoxicating liquors in interstate commerce through the state, to the end that such liquors shall not be bootlegged in transit.

We have found no authority for the holding of the trial court. However desirable it may be to anticipate and shut off the movement of liquors into a sister state, especially a border state, in violation of its laws, the law of the land does not render such liquors contraband while passing through this state, and authorize the seizure and condemnation of liquors and transporting vehicle under our statutes. Moragne v. State, 200 Ala. 689, 77 So. 322, L.R.A.1918E, 948; Hill v. State, 27 Ala. App. 573, 176 So. 805, certiorari denied 235 Ala. 8, 176 So. 806; McCanless v. Graham,

412

177 Tenn. 57, 146 S.W.2d 137; Opinion of Attorney General, Quarterly Report, Vol. XXIII, page 241; State Board of Equalization of California v. Young's Market Co., 299 U.S. 59, 57 S.Ct. 77, 81 L.Ed. 38; Indianapolis Brewing Co. v. Liquor Control Commission, 305 U.S. 391, 59 S.Ct. 254, 83 L.Ed. 243; United States v. Gudger, 249 U.S. 373, 39 S.Ct. 323, 63 L.Ed. 653.

We need not concern ourselves with the method of proving the laws of another state.

The decree of the court below is reversed and one here rendered denying the relief prayed, releasing the properties seized, and directing the surrender thereof to appellant on demand.

Reversed and rendered.

GARDNER, C. J., and FOSTER and LAWSON, JJ., concur.